Stephen G. MUNZENMAIER, Appellant,

v.

CITY OF CEDAR RAPIDS; Five Seasons Center Commission; David Pisha; Donald J. Canney; Harold G. Schaeffer; Floyd T. Bergen; and David W. Kramer, Appellees.

No. 88–1145.

Supreme Court of Iowa.

Dec. 20, 1989.

Donald L. Carr II, Cedar Rapids, for appellant.

David F. McGuire, Cedar Rapids City Atty., for appellees.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, SCHULTZ, and ANDREASEN, JJ.

HARRIS, Justice.

The district court dismissed this sex discrimination suit because of the plaintiff's failure to comply with an order to submit to a deposition. Plaintiff appeals, asserting the dismissal was too extreme a sanction. We agree with plaintiff's assertion

that the sanction of dismissal should be reserved for extreme cases. We however find this is an extreme case. Hence we affirm the dismissal.

The suit was filed October 23, 1987. Defendants are the City of Cedar Rapids, the Five Seasons Center Commission, and several city council members. Plaintiff alleges the defendants discriminated against him on the basis of his sex when he was not offered a position of employment. Defendants answered and, on December 3, 1987, filed a notice to take plaintiff's deposition on December 11, 1987.

Soon after suit was filed, and before defendants answered, Munzenmaier's psychiatrist sent a letter to Munzenmaier's lawyer, stating that Munzenmaier was under his care and would be unable to work for an indefinite period of time. Munzenmaier's counsel accordingly obtained a postponement of the deposition until December 22, 1987, at 1:30 p.m. At 11:12 on December 22, plaintiff's counsel filed a resistance to taking the deposition, stating he was in trial and that Munzenmaier was "out of the country and unavailable for deposition." Munzenmaier did not appear for the 1:30 deposition.

On December 23, 1987, defendants filed a motion to compel discovery. It was set for hearing on January 11, 1988. On that date, minutes before the scheduled hearing on the motion, both plaintiff's attorneys filed an application to withdraw as counsel, citing the plaintiff's desire for new counsel. The court entered an order on January 19, 1988, setting the motion to compel for January 29, 1988. On January 28, 1988, the plaintiff wrote a letter to the judge. Citing health reasons, he requested that the hearing set for the next day be rescheduled.

The trial court entered an order denying plaintiff's request to reschedule the hearing and specifically requiring Munzenmaier to submit to a deposition on February 4. Because Munzenmaier did not appear, defendants, on February 5, moved for sanctions. Hearing on that motion was set for February 26.

Defendants felt increased need for the deposition. On February 23 the court administrator ordered pretrial statements by April 22 and requested trial dates. On February 26, the date fixed for hearing on the first motion, defendants filed a motion for sanctions. Plaintiff appeared pro se at the hearing on the December 23 motion. He conceded he had not appeared for deposition on February 4, stating that his physician had sent a letter to the judge. Although no such letter was on file, plaintiff was given an opportunity to file it later and did so. The letter, written February 3, stated plaintiff had been examined and "hearings should be postponed for sixty days."

On April 7 hearing was held on defendants' motion for sanctions. Plaintiff appeared with new counsel. Because of the extended difficulty with the depositions the trial court addressed the plaintiff personally in the presence of his counsel in most explicit terms, leaving no room for misunderstanding. Plaintiff and counsel were lectured about the obligation of plaintiff to give his deposition.

A sanction of $100, which the court then described as minimal, was imposed for plaintiff's prior failure to appear for depositions. The deposition was to be rescheduled at the earliest possible date. The court stated, if plaintiff failed to appear again at a deposition, "the next sanction will be dismissal of the case."

In response to the court order defendants then filed a new notice to take plaintiff's deposition on April 20. Plaintiff appeared at the time and answered a few preliminary questions. At this point Hurley Bassett, a city employee, entered the room where the deposition was taking place. Plaintiff's new counsel, Donald Carr, stopped the deposition and objected to Bassett's presence. Carr asked that Bassett be designated a representative for one of the defendants or be asked to leave. Defendants' counsel did not state why Bassett was present. Carr then instructed his client to answer no further questions and the deposition thus ended.

Pressure for trial preparation continued. On April 25 Munzenmaier filed a pretrial statement stating discovery was proceeding in this case. Plaintiff also filed a notice of taking deposition of defendants' witness-

es, including Mr. Bassett. On April 28 the court entered an order setting the case for trial the following October 18.

On May 11 the defendants filed another motion for sanctions for plaintiff's failure to give his deposition as ordered by the court (and also for failure to pay the $100 ordered). On May 19 the plaintiff filed a resistance and sought a protective order for the plaintiff from what he called further harassment by the defendants. Plaintiff asked that, due to the "annoyance, embarrassment and oppression" by defendants, the court order no discovery be had in this case. At the same time the plaintiff also filed a rule of civil procedure 134 motion for sanctions.

A hearing on defendants' May 11 motion for sanctions resulted in dismissal. The court determined that the plaintiff's conduct throughout this case had been willful and in bad faith and an attempt to delay the taking of the deposition. The court stated the only appropriate sanction in the case was dismissal.

Plaintiff thinks dismissal was too extreme because he finally appeared and initially submitted to the deposition. He contends that prior frustration of defendants' attempts to depose him should not deprive him of the chance to take the position he did regarding the presence of Bassett. Authorities elsewhere are divided on the question whether a deposition is public or private. *Compare Times Newspaper Ltd. (of Great Britain) v. McDonnell Douglas Corp., et al.*, 387 F.Supp. 189 (D.C.Cal. 1974) (newspaper not entitled to have reporters present at deposition) with *American Tele. & Tele. v. Grady*, 594 F.2d 594 (4th Cir.1979) (in the absence of compelling reasons discovery must take place in public). We seem never to have ruled on the public or private nature of the taking of a deposition, but we have consistently accorded the trial court's broad discretion in superintending discovery. *Donovan v. State*, 445 N.W.2d 763, 766 (Iowa 1989); *Hubby v. State*, 331 N.W.2d 690, 697 (Iowa 1983); *White v. Citizens Nat'l Bank of Boone*, 262 N.W.2d 812, 816 (Iowa 1978). We however need not here define the public or private nature of deposition taking. This is not the question presented.

Plaintiff was on notice that he was viewed as flagrantly uncooperative in submitting to his deposition. He surely must have known that defendants' counsel and the trial court would be likely to view his complaint about Bassett's presence as frivolous and a mere ploy to persist in his refusal. On this extensive record there is every reason to believe such a view is well founded.

This does not mean that plaintiff would be helpless to face unfair treatment. Iowa rule of civil procedure 148(b) (modeled after federal rule 30(d)) protects parties and deponents from examinations "conducted in bad faith or in such a manner as unreasonably to annoy, embarrass, or oppress the deponent or party." In such a case the court can be asked to enter an order terminating or limiting the examination.

It is likely that plaintiff's counsel read this rule after aborting the final deposition attempt. Language of the rule was incorporated in plaintiff's motion, filed May 19, some three weeks after and in response to defendants' last motion for sanctions. This however was clearly an afterthought. No record was made at the time of the deposition, and there was no attempt at that time to seek a limiting order under rule 148(b).

In *Suckow v. Boone State Bank & Trust Co.*, 314 N.W.2d 421, 425 (Iowa 1982), we held that dismissal should be imposed as a sanction only on a showing of willfulness, fault, or bad faith. We went on to point out specially to cases where, as here, a court order has been violated. In such a case, as contrasted with discovery attempts not covered by a court order, dismissal might be appropriate. *Id.* at 426.

The trial court concluded plaintiff had no intention of complying with the court order to submit to the deposition. We take this to be a finding of willfulness, fault, and bad faith. We find no abuse of discretion in ordering dismissal.

AFFIRMED.