John L. FARLEY and Lois
Farley, Appellants,

v.

Jay GINTHER, M.D., and Bluff Medical
Center, Appellees.

No. 88–1828.

Supreme Court of Iowa.

Jan. 24, 1990.

Steven E. Mayer and Gary J. Rolfes of Mayer, Mayer, Lonergan & Rolfes, Clinton, for appellants.

David L. Hammer and Angela C. Simon of Hammer & Simon, Dubuque, for appellees.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, LAVORATO and SNELL, JJ.

SNELL, Justice.

In the professional negligence action underlying this appeal, John and Lois Farley claim medical malpractice on Ginther's part in performing surgery to repair a broken leg. The Farleys filed their medical malpractice action on March 24, 1986, and Ginther answered shortly thereafter. On April 11, 1986, Ginther propounded interrogatories to the Farleys including a request for designation of experts. Receiving no response, Ginther filed a motion to compel discovery some thirteen months later, on May 5, 1987. The court ordered the Farleys to respond by July 6, 1987, but the Farleys again failed to comply, whereupon Ginther moved for sanctions. By order dated August 17, 1987, the court scheduled a hearing to show cause why the case should not be dismissed. The Farleys were granted an additional thirty days to comply with Ginther's discovery requests, and to some extent did so within the time limits prescribed by the court. The Farleys did not, however, designate an expert, either in their initial or supplemental answers. By order dated December 8, 1987, trial was set for November 17, 1988. On September 15, 1988, Ginther moved to bar expert testimony based upon the fact that the Farleys still had not designated an expert pursuant to the April 11, 1986 interrogatories. The parties had oral argument on October 20, 1987, and on that date the court entered an order barring expert testimony based upon its finding Ginther would be prejudiced by designation at such a late date. Subsequently, Ginther moved for, and was granted, summary judgment since the Farleys were barred from presenting expert testimony to prove professional negligence.

The Farleys contend that the court's decision to bar expert testimony was taken pursuant to Iowa Code section 668.11 (1987), which imposes deadlines for designation of experts in professional malpractice cases. Since their case was filed before the effective date of that statute the Farleys claim the court erred in applying it and that the sanction was consequently improper. Ginther argues that the court did not apply section 668.11 in rendering its decision, and was well within its discretion in imposing the sanction.

A second issue concerns the court's order of summary judgment. The Farleys claim to have abandoned the issue, but as the summary judgment is dependent upon the earlier order for sanctions, they ask that it be overruled on appeal. Ginther also asks that the court rule on the issue.

■ I. The Farleys' appeal is predicated upon the assertion that Iowa Code section 668.11 is inapplicable to cases filed before July 1, 1986. Since their petition was filed on March 24, 1986, they conclude, dismissal resulted from an error of law on the part of the trial court. The statutory section states:

> 668.11 Disclosure of expert witnesses in liability cases involving licensed professionals.
>
> 1. A party in a professional liability case brought against a licensed professional pursuant to this chapter who in-

tends to call an expert witness of their own selection, shall certify to the court and all other parties the expert's name, qualifications and the purpose for calling the expert within the following time period:

a. The plaintiff within one hundred eighty days of the defendant's answer unless the court for good cause not ex parte extends the time of disclosure.

b. The defendant within ninety days of plaintiff's certification.

2. If a party fails to disclose an expert pursuant to subsection 1 or does not make the expert available for discovery, the expert shall be prohibited from testifying in the action unless leave for the expert's testimony is given by the court for good cause shown.

3. This section does not apply to court appointed experts or to rebuttal expert called with the approval of the court. 86 Acts, ch. 1211, § 40.

*Applicable to cases filed on or after July 1, 1986;* 86 Acts, ch. 1211, § 47. (Emphasis added).

The order barring expert testimony does not appear to be based upon section 668.11, however, but rather on Iowa Rule of Civil Procedure 134.

### RULING ON DEFENDANT'S MOTION TO BAR

#### (Filed 10–20–88)

Defendant Jay Ginther, M.D.'s Motion to Bar Expert Testimony having been heard this date, defendant appearing by his attorneys David L. Hammer and Angela C. Simon and plaintiffs appearing by their attorney Steven E. Mayer, and the Court having examined and inspected the pleadings and heard arguments of counsel, and being fully advised finds:

Plaintiff's medical malpractice action was filed against this Defendant on March 12, 1986. It arose as a result of alleged negligent treatment of a fracture suffered by plaintiff in February of 1984. It is now set for jury trial to commence November 14, 1988.

Defendant's Motion to Bar Expert Testimony alleges plaintiffs have failed to disclose or identify an expert medical witness to support their claim of medical malpractice against this defendant. In the month following filing that Motion, plaintiff has still not obtained and accordingly cannot disclose, an expert witness in this area. Defendant claims extreme prejudice in, at this late date, allowing plaintiff to notice that expert, there being insufficient time for proper investigation, discovery and securing rebuttal testimony.

It has been four years since the accident causing the injury occurred, and two and one-half years since this Petition was filed. Ample time has elapsed for plaintiff to secure and identify, if it can, an expert witness to support its claim of medical malpractice. Identification of such a witness at this time would give defendant inadequate opportunity to discover and prepare to rebut such testimony with trial just three weeks away. The Court concludes that defendant's Motion should be, and the same is hereby, sustained.

Dated at Clinton, Iowa, this 20th day of October, 1988.

The order does not mention section 668.-11 and is not even couched in the language of the statute. Its stated reason for imposing the sanction is potential prejudice to the defendant.

The Farleys' objection to the trial court's order is more properly directed to a portion of Ginther's motion for sanctions, which states:

2. This is a medical malpractice claim, and Section 668.11 of the Iowa Code requires that a plaintiff must, within 180 days of the defendant's answer, certify to the Court and all parties in a professional liability case the expert's name, qualification and purpose; *and while Section 668.11 is applicable to cases filed on or after July 1, 1986,* the legislative intent is clear that suit should not be brought against medical and other professionals unless there is a basis.

(Emphasis added.) The rest of Ginther's motion urges the sanction on the ground of prejudice. The language emphasized in the quoted portion of the motion indicates Ginther's use of section 668.11 is an analog to strengthen his case for sanctions due to prejudice, rather than to urge its application by the trial court. The trial court ruled upon the single ground actually asserted in Ginther's motion—prejudice—and was under no obligation to rule upon the statutory ground. The trial court's statement that Ginther would have inadequate opportunity for preparation shows that the order is a discovery sanction taken pursuant to Iowa Rule of Civil Procedure 134(d).

■ II. The real issue here is not whether the trial court erred by misapplying the statute, but whether its discovery sanction was proper. The applicable standard is whether the court abused its discretion pursuant to rule 134. Imposition of discovery sanctions is discretionary. Iowa R.Civ.P. 134(d). Reversal requires a finding that the trial court has abused its discretion. *Sullivan v. Chicago and Northwestern Transp. Co.*, 326 N.W.2d 320, 324 (Iowa 1982). Abuse of discretion is present only when such discretion is exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *Rowen v. LeMars Mut. Ins. Co.*, 357 N.W.2d 579, 583 (Iowa 1984). Where the sanction imposed is dismissal, however, the range of the trial court's discretion is narrowed and the sanction must be due to willfulness, fault, or bad faith. *Suckow v. Boone State Bank & Trust Co.*, 314 N.W.2d 421, 425 (Iowa 1982).

■ We said in *Munzenmaier v. City of Cedar Rapids*, 449 N.W.2d 369, 370 (Iowa 1989), that the sanction of dismissal should be reserved for extreme cases. There we affirmed the trial court's dismissal of plaintiff's case based on an finding of willfulness, fault, and bad faith.

In the instant case, dismissal was not involved in the sanction. However, since dismissal ultimately occurred by means of summary judgment, we consider the sanction imposed with that in mind.

This court has applied two separate analytical models for determining whether sanctions are appropriate: (1) in cases where the party against whom sanctions have been granted has failed to comply with a trial court discovery order, and (2) in cases where the party against whom sanctions have been granted simply violates a rule of discovery. *Suckow*, 314 N.W.2d at 425 (1982). This court is less inclined to reverse a trial court's sanction when a violation of a previous order underpins that sanction. *Id.* at 425–26. Here, the Farleys declined to answer the interrogatory regarding disclosure of experts despite *two* trial court orders.

In *Sullivan v. Chicago and Northwestern Transportation Co.*, 326 N.W.2d 320 (Iowa 1982), this court ruled that a sanction barring the railroad's expert from testifying was proper where the railroad had failed to name its expert until three weeks before trial, even though Sullivan had asked for such a designation in interrogatories. In contrast to the facts presented by this appeal, no previous trial court order was involved and the violation was only of the rules of discovery. *Id.* at 324. This case is almost identical, except for the fact that the Farleys had more time to designate an expert than did the railroad. It is apparent from the record in the instant case that Farleys had sufficient time and opportunity to comply with the trial court's orders. We find there was no abuse of discretion in imposing the sanction.

■ III. Subsequent to the trial court order barring the Farleys from presenting expert testimony, Ginther moved for summary judgment. He presented an affidavit to the trial court by a qualified affiant indicating that his treatment of Farley complied with the relevant standards of care and stating that proof of malpractice would require expert testimony. The Farleys did not attempt to rebut this evidence at hearing on the motion.

In *Daboll v. Hoden*, 222 N.W.2d 727 (1974), the trial court granted summary judgment based upon a similar affidavit. This court held that such an affidavit was insufficient to meet defendant's burden of

proof as to whether there was no genuine issue of material fact. *Id.* at 735, 736. As a consequence, a trial court ruling granting summary judgment was reversed. In *Daboll,* plaintiffs also refused to answer interrogatories concerning designation of experts. In contrast to the present appeal, however, defendants did not move for sanctions barring experts and no such order was issued. *Daboll,* 222 N.W.2d at 729. Defendants simply asked for summary judgment. Thus, there was no underlying order which made it impossible for plaintiffs to introduce evidence establishing negligence, a fact the *Daboll* court alluded to in its opinion. *Id.* at 736.

In *Donovan v. State,* 445 N.W.2d 763 (Iowa 1989), we recently affirmed a summary judgment order that was predicated upon a sanction barring the plaintiff from presenting testimony pursuant to section 668.11. *Id.* at 766–67. The facts of *Donovan* are virtually identical to those presented by this appeal. The only substantive difference is that the underlying sanction was granted pursuant to section 668.11 in the *Donovan* case. After pointing out that the question of whether plaintiffs have established negligence is almost never appropriate for summary judgment, this court determined that in an instance in which expert testimony is required to establish negligence, and expert testimony is unavailable, there is no genuine issue of material fact that can be proved. *Id.* at 766. Summary judgment was appropriate.

AFFIRMED.