KACHEVAS, INC., James P. Kachevas, and Irene Kachevas, Plaintiffs–Appellants,

v.

STATE of Iowa, Defendant–Appellee.

No. 93–1153.

Court of Appeals of Iowa.

Sept. 16, 1994.

Peter S. Cannon of Connolly, O'Malley, Lillis, Hansen & Olson, Des Moines, for appellants.

Bonnie J. Campbell, Atty. Gen., David A. Ferree, Sp. Asst. Atty. Gen., and Kerry Anderson, Asst. Atty. Gen., for appellee.

Considered by HAYDEN, P.J., and HABHAB and CADY, JJ.

HABHAB, Judge.

Plaintiffs, Kachevas, Inc., James P. Kachevas, and Irene Kachevas, are the owners of a restaurant on leased property which the State indicated it would condemn for a highway project. The State subsequently decided the property was not needed.

Plaintiffs commenced an action against the State seeking damages for the State's decision not to condemn their leasehold interest in the property. The claims were based on inverse condemnation, negligence, interference with prospective contractual advantage, and a claim under 42 U.S.C. § 1983 for violation of their civil rights. The State moved to dismiss all claims except the inverse condemnation claim. This motion went unresisted.

In arguing for the dismissal of the negligence claim, the State made three claims. First, the State asserted its actions regarding the highway project involved discretionary functions in which the State was immune from liability under the provisions of the Iowa Tort Claims Act, Iowa Code chapter 25A (1991). Second, the State contended the plaintiffs failed to exhaust their administrative remedies under Iowa Code chapter 25A. Last, the State argued the plaintiffs failed to allege a cognizable duty the State breached. On October 18, 1991, the district court granted the motion to dismiss all claims except the inverse condemnation claim.

On October 16, 1992, the State served interrogatories on plaintiffs. After plaintiffs failed to answer the interrogatories, the State filed a motion to compel discovery on March 2, 1993. On March 23, 1993, the court entered an order directing plaintiffs to provide answers to the interrogatories by April 12, 1993. After plaintiffs still failed to respond to the interrogatories, the State filed an application for sanctions on April 15, 1993. In response to the State's application, plaintiffs filed unverified answers to interrogatories. On May 13, 1993, the court held a hearing on the application. The court entered an order on that date directing plaintiffs to supply verified answers to the interrogatories within ten days. The State was directed to inform the court if the plaintiffs failed to comply with the order. The court also scheduled a status review hearing for May 25, 1993, to be initiated by plaintiffs.

No verified answers were filed within ten days after the May 13 hearing and no status review hearing was held. Plaintiffs claimed their counsel thought they had ten days from the date the order was filed on May 18, 1993, to provide verified answers to interrogatories. Verified answers to the interrogatories were served on May 27, 1993.

On May 28, 1993, an order was entered granting the State's request for sanctions. The court dismissed the plaintiffs' action without prejudice as a discovery sanction.

On June 7, 1993, the plaintiffs filed a motion for reconsideration asserting the case should not be dismissed for violation of a discovery order. The plaintiffs claimed they had attempted to comply with the order as they had interpreted it.

On June 29, 1993, the district court entered an order denying the motion for reconsideration. The court noted plaintiffs had failed to initiate a May 25, 1993, hearing and failed to comply with the order directing the furnishing of verified answers by May 25, 1993.

On July 30, 1993, Kachevases filed a notice of appeal.

Kachevases make two arguments on appeal. First, they argue the district court abused its discretion in ordering the discovery sanction of dismissal of the cause of action without prejudice. Second, they contend the dismissal of the negligence claim was erroneous.

■■■ I. *Discovery sanctions.* Kachevases argue the district court abused its discretion when it ordered the discovery sanction of the dismissal of the cause of action. A district court's discovery sanctions will not be reversed unless there has been an abuse of discretion. *Kendall/Hunt Publishing Co. v. Rowe,* 424 N.W.2d 235 (Iowa 1988). When the drastic sanctions of dismissal or default are at issue, the range of discretion given to the district court narrows. *Id.* at 240. In order to impose the sanctions of dismissal or default, the district court must find a party's refusal to comply was a result of willfullness, fault, or bad faith. *Id.*

■■ If Kachevases had only failed to comply with the May 13, 1993 order, then there might be an argument that the sanction imposed was too severe. This, however, was not the case. Kachevases failed to answer the initial request, which led to the motion to compel being filed almost four and one-half months later. Kachevases once again failed to provide answers after the motion to compel was granted. It took the filing of an application for sanctions to persuade Kachevases to file answers to the interrogatories. Even then, the answers were unverified.

In making the May 13, 1993 order, the district court was giving Kachevases what amounted to one final chance to correct the situation and, once again, they failed. Kachevases were sanctioned for their repeated failures to respond to the State's requests and the district court's orders. Kachevases' final failure to abide by the May 13, 1994 order was the result of fault and willfulness. We find the district court did not abuse its discretion in applying the discovery sanction of dismissal.

■■ II. *Dismissal of the negligence claim.* Kachevases argue the district court should not have dismissed the negligence claim. They contend the district court could not have granted the dismissal based on any of the three grounds presented in the motion to dismiss. We will only consider the claim that the State was immunized by the discretionary function exception of Iowa Code chapter 25A (1991) (the Iowa Tort Claims Act). We consider the other two claims as waived since no authority to support the issues was stated, argued, or cited in Kachevases' brief. Iowa R.App.P. 14(a)(3).

■■ To determine the scope of the discretionary function exception, a distinction has been drawn between planning level decisions and operational level decisions. *Sheerin v. State,* 434 N.W.2d 633 (Iowa 1989). Planning level decisions involve the formulation of policy. *Id.* at 635. Implementation of a planning level decision is operational. *Id.* The decision of when and where to construct a highway is a decision made at the planning level, and as such should be considered discretionary. *See Butler v. State,* 336 N.W.2d 416, 419 (Iowa 1983). Similarly, the decision not to build a highway should also be considered a discretionary decision protected by the Iowa Tort Claims Act. We find the district court properly dismissed the negligence claim against the State.

**AFFIRMED.**