## IN THE COURT OF APPEALS OF IOWA

No. 18-0852
Filed September 11, 2019

**ATIBA SPELLMAN,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Story County, Timothy J. Finn, Judge.

An applicant for postconviction relief appeals the order dismissing the action as a discovery sanction. **REVERSED AND REMANDED.**

Christopher A. Clausen of Clausen Law Office, Ames, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

Atiba Spellman appeals the dismissal of his postconviction-relief (PCR) action. He contends the district court abused its discretion in dismissing the action as a discovery sanction. Because we find the sanction of dismissal was an abuse of discretion[1] under the facts before us, we reverse and remand for further proceedings.

**I. Background Facts and Proceedings.**

The State charged Spellman with two counts of first-degree murder in December 2008. Following trial, a jury found Spellman guilty as charged. Spellman appealed his convictions, which this court affirmed. *See State v. Spellman*, No. 13-1670, 2015 WL 799538, at *1 (Iowa Ct. App. Feb. 25, 2015).

In December 2015, Spellman filed a PCR application without the aid of counsel. In it, he made several general allegations. To sum up, he alleged his trial counsel was ineffective in failing to investigate his case adequately or hire expert witnesses; the evidence and testimony against him was false or tainted; and "denial of right to a fair trial." The PCR court appointed counsel to represent Spellman. For various reasons, four attorneys sequentially represented Spellman in the PCR proceedings.[2]

---

[1] Abuse of discretion "does not imply a bad motive, or a wrongful purpose or perversity, passion, prejudice, partiality, moral delinquency, willful misconduct, or intentional wrong. . . . It does not imply reproach." *State ex rel. Fletcher v. District Court*, 238 N.W. 290, 294 (Iowa 1931). It "is not a term of opprobrium, but only of error in arriving at the conclusions thought to sustain the ruling made." *Jacobsen v. Gamber*, 86 N.W.2d 147, 149 (Iowa 1957). *See generally State v. Guise*, No. 17-0589, 2018 WL 2084846, at *18-19 (Iowa Ct. App. May, 2, 2018) (Doyle, J. dissenting) (observing the harshness of the term and suggesting adopting a "kinder and gentler" term), vacated, 921 N.W.2d 26 (Iowa 2018).

[2] His first attorney withdrew from representation immediately because the State Public Defender had not approved him to accept PCR cases. His second attorney withdrew from

In August 2016, the State sent Spellman interrogatories and requests for production of documents. Spellman failed to respond. In January 2018, with the PCR trial only weeks away, the State moved the court to compel Spellman's response and to continue the trial. The PCR court granted the State's motions and ordered Spellman to respond to discovery by March 1.[3]

Spellman submitted his discovery responses on February 27. He stated he had no documents in his possession to support his claims but would supplement his answers when his claims were "better defined through discovery."

On March 19, the State moved for discovery sanctions, asking the court to dismiss the PCR action. It argued that the PCR claims were too broad and vague and Spellman "refused to define these issues by providing overly broad and vague answers to Interrogatories."

Spellman moved to amend his PCR application on March 24. The stated purpose of the amendment was "to clarify and narrow the issues to be presented at the trial in this matter." The amended application alleged that Spellman's trial counsel rendered ineffective assistance by failing to: (1) hire a forensic expert to review the physical evidence and show that Spellman did not create certain footprints found at the crime scene, (2) investigate the victim's injuries and hire a forensic pathologist to refute the cause of the head injuries, (3) cross-examine witnesses about the victim's injuries and possible causes, (4) conduct formal

---

representation in October 2016 after discovering a conflict of interest with another client. In June 2017, Spellman moved the court to appoint him new counsel based on "irreconcilable differences" with his third appointed counsel. The court appointed his fourth PCR counsel in July 2017.

[3] The order does not include a statement informing Spellman that failure to comply may result in the imposition of sanctions, as required by Iowa Rule of Civil Procedure 1.517(1)(b)(5).

discovery and take depositions, and (5) review the evidence with him. The court granted the motion to amend on April 6.

Following a hearing on April 16, the PCR court granted the State's motion and dismissed the PCR action. Spellman challenges the order on appeal.[4]

**II. Analysis.**

We review rulings on discovery sanctions for abuse of discretion. *See City of Des Moines v. Ogden*, 909 N.W.2d 417, 423 (Iowa 2018). "'A district court abuses its discretion when it exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable,' by issuing a decision that 'is not supported by substantial evidence' or one that 'is based on an erroneous application of the law.'" *Id.* (citing *State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016). This discretion narrows when the court imposes the sanction of dismissal, which "should be reserved for extreme cases." *Farley v. Ginther*, 450 N.W.2d 853, 856 (Iowa 1990).

Iowa Rule of Civil Procedure 1.517 sets out the consequences for a party's failure to make disclosures or discovery. *See* Iowa Code § 822.7 (2015) (stating that "[a]ll rules and statutes applicable in civil proceedings including pretrial and discovery procedures are available to the parties" in a PCR action). Discovery sanctions serve three purposes: "(1) to insure that a party will not profit from its failure to comply with a court order, (2) to provide specific deterrence and seek compliance with the court's order, and (3) to provide general deterrence in the active case and in litigation generally." *Reis v. Iowa Dist. Ct. for Polk Cty.*, 787

---

[4] Spellman also challenges the order compelling discovery and alleges his PCR counsel was ineffective, but we need not address these arguments as our resolution of discovery-sanction issue is dispositive.

N.W.2d 61, 74 (Iowa 2010). One sanction permitted under rule 1.517 for failing to serve answers to interrogatories is dismissal of the action. *See* Iowa R. Civ. P. 1.517(2)(b)(3), (4)(c).

Before the court can dismiss an action as a discovery sanction, it must find willfulness, fault, or bad faith on the part of the offending party. *See Farley*, 450 N.W.2d at 856. To strike the "proper balance between the conflicting policies of the need to prevent delays and the sound public policy of deciding cases on their merits," dismissal should be a "rare judicial act" usually limited to situations in which a party has violated a court order. *Kendall/Hunt Pub. Co. v. Rowe*, 424 N.W.2d 235, 240, 241 (Iowa 1988) (citation omitted). Before the court dismisses an action as a discovery sanction, "fundamental fairness should require a district court to enter an order to show cause and hold a hearing, if deemed necessary, to determine whether assessment of costs and attorney fees or even an attorney's citation for contempt would be a more just and effective sanction." *Id.* at 240-41 (citation omitted).

The PCR court found that Spellman's inaction, "whether it be attributed to his counsel, previous or otherwise, is willful." We note that in a recent examination of this issue, our court could not find "any Iowa case upholding the dismissal of a PCR application as a discovery sanction based on the dilatory actions of appointed counsel." *See Clester v. State*, No. 17-1896, 2019 WL 719167, at *3 (Iowa Ct. App. Feb. 20, 2019). Although we ultimately reversed the dismissal order because the PCR court failed to find the discovery noncompliance resulted from willfulness, fault, or bad faith, we expressed concern that the PCR court overlooked lesser sanctions:

Our supreme court has justified holding clients responsible for the noncompliance of their attorneys, at least in part, because civil litigants generally choose their own lawyers and may seek recourse for a lawyer's negligence through a malpractice action.

But that rationale doesn't fit indigent PCR applicants who rely on appointed counsel. Clester did not choose his attorney. And his attorney took full responsibility for the dereliction of duty. Under these circumstances, the district court should have considered whether a sanction less drastic than dismissal would have been more just and effective.

*Id.* at *5 (footnote omitted) (internal citations omitted). We echo these concerns.

In justifying the dismissal of Spellman's PCR action as a discovery sanction, the PCR court found:

The allegations contained in [Spellman]'s action for postconviction relief are overly broad and vague. The State had hoped to define the issues of material fact involved in this matter through discovery, and to date, [Spellman]'s refusal to define these issues by providing overly broad and vague answers to interrogatories preclude this from happening.

[Spellman]'s failure for over a year and a half to engage in adequate discovery has prevented the State from adequately litigating the matter, including filing a motion for summary judgment and has sapped, and will continue to sap, judicial resources. The State has the right to know what issues are in the case. After two years, numerous letters, and an order to compel discovery, [Spellman] has still not informed the State what his case is about, or what theories he intends to act on.

The reasoning supporting dismissal of Spellman's PCR action is flawed. First, the PCR court overlooked that Spellman amended his PCR application to provide the desired specificity for his PCR claims before the hearing on discovery sanctions. The amended application answered the State's complaint that Spellman refused to define his claims. The PCR trial was rescheduled to begin in September 2018, six months after Spellman filed his amended application.

Second, we disagree that Spellman's failure to provide discovery answers impeded the State's ability to move for summary judgment.[5] Iowa Code section 822.6(3) allows summary disposition of a PCR application when it appears there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. In his original PCR application, Spellman made general claims of ineffective assistance of counsel without explaining how any deficiency in his counsel's representation prejudiced him at trial. *See Castro v. State*, 795 N.W.2d 789, 794 (Iowa 2011) (noting that a PCR applicant alleging ineffective assistance of counsel must show counsel breached a duty and the breach was prejudicial). If the State moved for summary judgment on the basis Spellman failed to show prejudice, Spellman would have been required to respond with more than a speculative statement. *See id.* ("An inference to create a triable issue in response to a motion for summary judgment cannot be based on conjecture or speculation.").

Spellman did provide interrogatory answers within the deadline set forth in the court's order compelling him to answer. It is true that the answers were of the same general nature as the claims made in his original PCR application. But we question whether this was due to willfulness, fault, or bad faith. It is just as likely, if not more likely, that Spellman was simply unable to articulate his claims any better than he had in his pro se PCR application.[6] Although Spellman did not

---

[5] If the State believed Spellman's claims were too general to answer, it could have filed a motion for a more specific statement. *See* Iowa R. Civ. P. 1.433 ("A party may move for a more specific statement of any matter not pleaded with sufficient definiteness to enable the party to plead to it and for no other purpose. It shall point out the insufficiency claimed and particulars desired."). It also could have deposed Spellman. *See* Iowa R. Civ. P. 1.501(1).

[6] It appears that Spellman drafted the handwritten answers without the aid of counsel.

provide any documents in response to the State's discovery request, he asserted he did not possess any of the requested documents at that time and would supplement his response as necessary. "Where failure to comply with a discovery order is based on a party's inability to comply, the harsh sanction of a default judgment should not be imposed." *State ex rel. Parcel v. St. John*, 308 N.W.2d 8, 10 (Iowa 1981).

As noted, the sanction of dismissal is an extreme one the court should consider in limited circumstances. The cases affirming imposition of dismissal as a discovery sanction involve scenarios more egregious than those present here. *See, e.g.*, *Troendle v. Hanson*, 570 N.W.2d 753, 757 (Iowa 1997) (finding substantial evidence supported district court's finding counsel acted willfully where counsel violated three court orders requiring clients' response to discovery over course of one-year period and compliance was still not complete two days before trial); *Krugman v. Palmer College*, 422 N.W.2d 470, 474 (Iowa 1988), *cert. denied*, 488 U.S. 944 (1988) (affirming sanction of dismissal where attorney violated three discovery orders in an apparent attempt to continue trial and because of his long record of procrastination and inattentiveness); *Wagner v. Miller*, 555 N.W.2d 246, 250 (Iowa Ct. App. 1996) (finding plaintiffs behavior willful and affirming dismissal based on many delays and failure to provide complete discovery responses in direct violation of two court orders); *Kachevas, Inc. v. State*, 524 N.W.2d 450, 452 (Iowa Ct. App. 1994) (affirming dismissal as a discovery sanction where plaintiffs failed to answer discovery requests even after order granting motion to compel and provided unverified answers after application for sanctions was filed and noting that if plaintiffs had "only failed to comply with [the first] order, then there might be

an argument that the sanction imposed was too severe"); *Eaton v. Meester*, 464 N.W.2d 691, 694 (Iowa Ct. App. 1990) (affirming sanction of dismissal where plaintiff, "and to a more unknown extent his trial counsel, had in their possession highly relevant records from Mercy Hospital, but never produced them despite specific interrogatories and a court's order, and then only produced some of the records when sanctions were imminent").  Given all the circumstances, we find the PCR court abused its discretion in dismissing Spellman's PCR application as a discovery sanction.  For these reasons, we reverse and remand for further proceedings.

**REVERSED AND REMANDED.**