**IN THE COURT OF APPEALS OF IOWA**

No. 16-0434
Filed May 11, 2016

**IN THE INTERST OF M.F., M.F., AND M.F.,**
**Minor children,**

**C.F., Mother,**
Appellant.

_____

Appeal from the Iowa District Court for Clinton County, Phillip J. Tabor, District Associate Judge.

A mother appeals the termination of her parental rights to her children.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Matthew D. Hatch of Hatch Law Firm, P.C., Bettendorf, for appellant mother.

Thomas J. Miller, Attorney General, and Janet L. Hoffman, Assistant Attorney General, for appellee State.

Patricia Rolfstad, Davenport, substitute counsel for Jennifer Olsen, Davenport, attorney and guardian ad litem for minor children.

Considered by Vogel, P.J., and Doyle and Bower, JJ. Tabor, J., takes no part.

**DOYLE, Judge.**

A mother appeals the termination of her parental rights to her three children, born in 2005, 2007, and 2012, respectively. She claims the State failed to prove the statutory grounds for termination and that termination is not in the children's best interests because the children have bonded with the mother. We affirm the juvenile court's order concerning the youngest child, but we reverse the order as to the two older children, and we remand their cases back to the juvenile court for further proceedings.

We review termination-of-parental-rights proceedings de novo. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). The three-step statutory framework governing the termination of parental rights is well established and not repeated here. *See In re P.L.*, 778 N.W.2d 33, 40-41 (Iowa 2010).

**I. Termination of Parental Rights to the Youngest Child.**

The juvenile court terminated the mother's parental rights to the mother's youngest child, born in 2012, pursuant to Iowa Code section 232.116(1)(e), (h), and (*l*) (2015).[1] When the juvenile court terminates parental rights on more than one ground, we may affirm the order on any ground we find supported by clear and convincing evidence in the record. *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). We choose to address the ground for termination under section 232.116(1)(h). Under this section:

> [T]ermination may be ordered when there is clear and convincing evidence that a child under the age of three who has been adjudicated [a child in need of assistance (CINA)] and removed from the parents' care for at least the last six consecutive months

---

[1] The parental rights of the father, K.G., to this child were also terminated. He is not a party to this appeal.

cannot be returned to the parents' custody at the time of the termination hearing.

Iowa Code § 232.116(1)(h).

The mother makes no specific argument on appeal regarding the State's failure to prove each statutory element by clear and convincing evidence. Nevertheless, we find such argument is implied. The first three elements of paragraph (h) cannot be in dispute. The mother's claim on appeal necessarily implicates the fourth element. *See* Iowa Code § 232.116(1)(h)(4) ("There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents . . . at the present time.").

We conclude the State has proved by clear and convincing evidence that the child could not be returned to her custody at the time of the termination hearing. At the hearing, the mother was asked: "And do you agree with me that your children cannot be returned to your care today?" She answered, "Correct. Yeah, I understand that." Later, she testified she "would like more time" to address the issues that caused her to be unable to care for the children. Asked how much more time she needed, the mother responded: "I can't—I can't really say for sure." The juvenile court found:

> The mother was basically homeless during the events that led to the filing of the [CINA] petition and the removal of the child from her home. The mother has serious mental health and substance abuse issues. Those cumulated in a long-term placement at the University of Iowa psychiatric hospital in October, November, and early December of 2015. Since discharge from the University of Iowa Hospitals, the mother spent some time at the Humility of Mary in Davenport, Iowa, and she is now back in Clinton, Iowa, and has been, until as recently as two weeks ago, homeless. She is not addressing her substance abuse issues. She states that she is addressing her mental health issues, but from observing her in the courtroom today, it appears that the

> mother still suffers from substance abuse and mental health issues, and, as a result, she lacks insight to the effect that her choices and her lifestyle have had on the child. The mother's own testimony is that the child cannot be returned to her today, and she is unsure how much more time it would take for the child to be able to be returned to her.

Having reviewed the record de novo, we agree. The State proved by clear and convincing evidence the grounds for termination under section 232.116(1)(h).

The mother states the court could have and should have granted additional time for her to reunify with the child. As we have stated numerous times, children are not equipped with pause buttons. "The crucial days of childhood cannot be suspended while parents experiment with ways to face up to their own problems." *In re A.C.*, 415 N.W.2d 609, 613 (Iowa 1987). While the law requires a "full measure of patience with troubled parents who attempt to remedy a lack of parenting skills," this patience has been built into the statutory scheme of chapter 232. *In re C.B.*, 611 N.W.2d 489, 494 (Iowa 2000). Our supreme court has explained that "the legislature, in cases meeting the conditions of [the Iowa Code], has made a categorical determination that the needs of a child are promoted by termination of parental rights." *In re M.W.*, 458 N.W.2d 847, 850 (Iowa 1990) (discussing then Iowa Code section 232.116(1)(e)). Consequently, "[t]ime is a critical element," and parents simply "cannot wait until the eve of termination, after the statutory time periods for reunification have expired, to begin to express an interest in parenting." *C.B.*, 611 N.W.2d at 495. At some point, as is the case here, the rights and needs of the child must rise above the rights and needs of the parent. *See In re C.S.*, 776 N.W.2d 297, 300 (Iowa Ct. App. 2009). The public policy of the state having

been legislatively set, we are obligated to heed the statutory time periods for reunification. Any additional time in limbo would not be in the child's best interests.

The mother also argues that termination is not in the best interests of the child because the child has bonded with the mother. After "[g]iving primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child," the juvenile court concluded that "termination of parental rights is in the best interests of the child." Again, after a de novo review of the record, we agree with the juvenile court.

Accordingly, we affirm the juvenile court's order terminating the mother's parental rights to her child, M.F., born in 2012.

**II. Termination of Parental Rights to the Two Oldest Children.**

The mother's parental rights to the two oldest children were terminated pursuant to Iowa Code section 232.116(1)(e), (f), and (*l*) (2015).[2] Under the circumstances, we must examine each paragraph.

The mother argues the State failed to prove clear and convincing evidence supports termination under paragraph (e). This paragraph allows termination if the court finds (1) the child has been adjudicated CINA, (2) the child has been removed from the physical custody of the parent for at least six consecutive months, and (3) the parent has not maintained significant and meaningful contact with the child during the previous consecutive six months. Iowa Code

---

[2] The court ordered that these children be placed in the custody and guardianship of their father, R.W., subject to supervision by the Iowa Department of Human Services in their underlying CINA cases.

§ 232.116(1)(e). The first two elements are not disputed, but the mother challenges the third. The children were removed from her care in July 2015. She maintained visits with them until September 23, 2015. Thus, it was less than six months from the last visit until the termination hearing and order. The State does not dispute this. We therefore conclude the State failed to prove by clear and convincing evidence the third element of paragraph (e), i.e., that the mother did not maintain significant and meaningful contact with the children during the six consecutive months prior to the termination hearing.

We next turn to paragraph (f). The mother argues the State failed to prove clear and convincing evidence supports termination under paragraph (f). This paragraph allows termination if the court finds (1) the child is four years of age or older, (2) the child has been adjudicated CINA, (3) the child has been removed from the physical custody of the parent for at least twelve of the last eighteen months or for the last consecutive twelve months, and (4) "the child cannot be returned to the custody of the child's parents . . . at the present time." *See id.* § 232.116(1)(f). The mother challenges the third element. The children were removed from the mother's care in July 2015. The termination hearing was held in February 2016 and the order entered the same month. Clearly, the children had not been removed from the mother's care for at least twelve months. The State does not dispute this. We therefore conclude the third element of paragraph (f) has not been proven by clear and convincing evidence.

Lastly, we turn to paragraph (*l*). The mother argues the State failed to prove clear and convincing evidence supports termination under paragraph (*l*). This paragraph allows termination if the court finds (1) the child has been

adjudicated CINA, (2) the parent has a "severe substance-related disorder and presents a danger to self or others as evidenced by prior acts," and (3) "the parent's prognosis indicates that the child will not be able to be returned to the custody of the parent within a reasonable period of time considering the child's age and need for a permanent home." *See id.* § 232.116(1)(*l*). The mother argues the juvenile court made no findings regarding the mother having a severe substance-related disorder and that she presented a danger to self or others as evidenced by prior acts. We agree that the juvenile court made no such findings. At best, the court found the mother has "serious substance abuse issues." This finding is not sufficient to support termination under paragraph (*l*).

We note paragraph (*l*) has been amended, as reflected above in element two, to require the court to find the parent has "a severe substance-related disorder," not merely "a severe, chronic substance abuse problem" as was previously required in paragraph (*l*). *Compare id.* § 232.116(1)(*l*)(2) (2011), *with id.* § 232.116(1)(*l*)(2) (2015). A juvenile court is now required to apply the definition of "substance-related disorder" at section 125.2(14) when deciding whether the evidence satisfies the ground for termination under section 232.116(1)(*l*)(2). It is no longer sufficient for the court to assess in lay terms whether the parent suffers from "a severe, chronic substance problem," as the definition of substance-related disorder requires consideration of diagnostic criteria from the DSM-V. *See In re A.H.*, No. 14-1049, 2014 WL 7339457, at *18 n.6 (Iowa Ct. App. Dec. 24, 2014) (reversing termination of parental rights based upon juvenile court's use of old definition in section 232.116(1)(*l*)(2)); *In re G.B.*, No. 14-1516, 2014 WL 6682456, at *4 (Iowa Ct. App. Nov. 26, 2014) (same); *In*

*re L.S.*, Nos. 14-1026 and 14-1080, 2014 WL 5252948, at *6-7, (Iowa Ct. App. Oct. 15, 2014) (same). The juvenile court made no finding of such diagnosis.[3] Furthermore, the court made no finding that the mother presents a danger to herself or others as evidenced by prior acts. Additionally, the court made no finding concerning the mother's prognosis. The State has failed to establish grounds for termination of the mother's parental rights under paragraph (*l*).

The State failed to prove statutory grounds for termination of the mother's parental rights to her two oldest children under section 232.116(1)(e), (f), or (*l*). Accordingly, we reverse the juvenile court's termination of the mother's parental rights to M.F., born in 2005, and M.F., born in 2007. Therefore, we need not address the mother's argument concerning the best interests of these children. We remand for further proceedings concerning the two oldest children, and we do not retain jurisdiction.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

---

[3] Consequently, we need not address whether a diagnosis of a disorder would require expert testimony, though we note that in other contexts, such as medical malpractice, our courts have required the introduction of expert testimony when the issue involves "highly technical questions of diagnoses" that "lie beyond the understanding of a layperson." *See Donovan v. State*, 445 N.W.2d 763, 766 (Iowa 1989).