Allen L. DONOVAN and Billie J. Donovan, Appellants,

v.

STATE of Iowa, Appellee.

No. 87–1714.

Supreme Court of Iowa.

Sept. 20, 1989.

Lloyd E. Humphreys, Jerry Zimmermann, and Lowell H. Forte of Joe Johnston Law Firm, P.C., Cedar Rapids, for appellants.

Richard M. Tucker of Phelan, Tucker, Boyle & Mullen, Iowa City, Thomas J. Miller, Atty. Gen., and Shirley A. Steffe, Asst. Atty. Gen., for appellee.

Considered by McGIVERIN, C.J., and LARSON, LAVORATO, NEUMAN and ANDREASEN, JJ.

LARSON, Justice.

These plaintiffs sued the State of Iowa for alleged medical negligence in connection with its operation of the University Hospital. The district court entered a summary judgment for the State on the ground that the suit was of such a nature that expert testimony was required to establish liability and the plaintiffs had lost their right to introduce expert evidence because of their failure to designate an expert within the time provided by Iowa Code section 668.11. The court of appeals reversed, holding that the district court abused its discretion in denying the plaintiffs' application to extend time to designate an expert and that the State had failed to show the absence of disputed fact issues for summary judgment purposes. We vacate the court of appeals decision and affirm the district court.

Allen L. Donovan underwent surgery at University Hospital on March 13, 1984, to replace a defective heart valve. He was discharged on March 30, 1984, but complications developed and he was readmitted the next day. He was discharged again on April 13 but was readmitted five days later. A staph infection, which Donovan claims was the result of the State's negligence, had caused a failure in the replacement valve.

On July 7, 1986, Donovan filed this suit against the State and several other parties who were dismissed early on various motions not involved in this appeal. Dono-

van's wife, Billie, joined the action as a plaintiff. We will refer to the plaintiffs collectively as Donovan.

The State filed its answer to Donovan's petition on November 18, 1986. On December 3, 1986, the State served several interrogatories, including the following:

> *INTERROGATORY NO. 20:* Please state whether or not there are any persons whom you intend to call as expert witnesses at trial and, if so, as to each such expert, please state:
>
> (a) The name, address and profession or occupation of the expert;
>
> (b) The subject matter or area on which each expert is to testify;
>
> (c) The substance of the facts and opinions to which the expert will testify;
>
> (d) A summary of the grounds for each opinion of such expert.

The early identification of experts by a plaintiff in a medical malpractice case is mandated by Iowa Code section 668.11 (1987), which provides in part:

> 1. A party in a professional liability case brought against a licensed professional pursuant to this chapter who intends to call an expert witness of their own selection, shall certify to the court and all other parties the expert's name, qualifications and the purpose for calling the expert within the following time period:
>
> a. The plaintiff within one hundred eighty days of the defendant's answer unless the court for good cause not ex parte extends the time of disclosure.

Donovan filed answers to some of the interrogatories on March 12, 1987, but as to Interrogatory 20 which inquired about the identity of expert witnesses, he responded: "Not known at this time." In May 1987, the 180 days for designation of experts passed. On June 3, the attorney representing the State wrote to Donovan's attorney reminding him that his request for ·more specific answers contained in an earlier letter to the attorney had not yet been furnished. The State's attorney then stated:

> In this connection, I also want to make it absolutely clear that in filing supple-

mental answers to interrogatories, I will expect you to identify your expert witnesses in this case and provide as to each such expert the other information requested in my interrogatory, the same being the information I am permitted to know pursuant to the Iowa Rules of Civil Procedure.

On June 17, 1987, the State filed a second motion to compel discovery which pointed out that Donovan had not yet identified an expert despite the expiration of the 180–day period under section 668.11. Donovan was ordered to respond to the interrogatories by July 17 but was granted an extension, on his request, to July 31, 1987. Donovan filed supplemental answers but still did not designate an expert.

On August 20, 1987, the State moved for summary judgment on the ground that the plaintiffs had lost their opportunity to call an expert witness and the case was of such a technical nature that it could not be successfully prosecuted without expert evidence. *See Buckroyd v. Bunten,* 237 N.W.2d 808, 811 (Iowa 1976); *Daboll v. Hoden,* 222 N.W.2d 727, 730 (Iowa 1974).

After the State's motion for summary judgment was filed, Donovan filed amended answers to the interrogatories and, for the first time, designated two experts to testify at trial. The district court rejected Donovan's untimely designation of experts and, on the basis of the State's affidavit by a doctor, concluded that there was no disputed issue of material fact. It therefore sustained the motion for summary judgment.

I. *Designation of Expert Witnesses.*

When Donovan filed his designation of witnesses, the 180–day deadline under section 668.11 had long since passed and with it his opportunity to make the designation as a matter of right. Under section 668.11, however, the time may be extended beyond 180 days if the court for "good cause not ex parte extends the time of disclosure."

While section 668.11 does not define good cause, we have discussed it in other contexts. Iowa Rule of Civil Procedure 236,

for example, provides that a default judgment may be set aside on a showing of good cause, which is a

> sound, effective, truthful reason, something more than an excuse, a plea, apology, extenuation, or some justification for the resulting effect. The movant must show his failure to defend was not due to his negligence or want of ordinary care or attention, or to his carelessness or inattention. He must show affirmatively he did intend to defend and took steps to do so, but because of some misunderstanding, accident, mistake or excusable neglect failed to do so. Defaults will not be vacated where the movant has ignored plain mandates in the rules with ample opportunity to abide by them.

*Dealers Warehouse Co. v. Wahl & Assocs.*, 216 N.W.2d 391, 394–95 (Iowa 1974) (citations omitted).

On September 16, 1987, in Donovan's resistance to the State's motion for summary judgment, he attempted for the first time to show good cause for extension of the time to designate experts. His attorney stated that he had failed to designate an expert because he was inexperienced in medical malpractice cases and had been attempting to get the assistance of experienced co-counsel. (Donovan's attorney at that time was not his present attorney.) His counsel stated that another attorney had been contacted to help him and that counsel were then ready to designate their witnesses. (An amended answer to interrogatories had in fact been filed two days earlier, identifying two expert witnesses.)

■ A trial court has broad discretion in ruling on such matters, and the exercise of that discretion will ordinarily not be disturbed unless it was exercised on clearly untenable grounds or to an extent clearly unreasonable. *Hubby v. State*, 331 N.W.2d 690, 697 (Iowa 1983).

■ We do not believe the district court's refusal of an extension of time amounted to an abuse of discretion in this case. Interrogatories requesting the identification of expert witnesses were filed early in the proceedings, but Donovan did not respond until after the motion for summary judgment was filed. As of May 1987, when the 180 days ran, Donovan had conducted no discovery. The experienced co-counsel to whom he referred in his extension application has never filed an appearance or participated in the case. At the time Donovan's attorney sought an extension of the 180 days on the ground he was seeking help from another attorney, the case had already been on file for well over a year, and the time to designate witnesses had run several months previously.

Under the circumstances of this case, the district court's discretion was properly exercised. The result of its denial of leave to designate witnesses after the 180 days had a serious impact on Donovan's case, as we will discuss in the following division, but it did not amount to an abuse of discretion.

## II. *The Summary Judgment.*

The question of whether negligence is established under the evidence is almost without exception said to be inappropriate for summary judgment treatment. However, the critical issue in this case is not whether there was *negligence* in the actions of the defendant but whether there was *evidence* upon which liability could be found. *See Daboll v. Hoden*, 222 N.W.2d at 737 (Uhlenhopp, J., dissenting). Specifically, the issue is whether, in view of the fact that Donovan is precluded from introducing expert evidence, there is a genuine issue of material fact. The State furnished the affidavit of a medical expert who stated that the hospital had acted in accordance with applicable medical standards, and Donovan lacks any means of showing otherwise in view of the court's order.

■ If a doctor operates on the wrong patient or amputates the wrong limb, a plaintiff would not have to introduce expert testimony to establish that the doctor was negligent. On the other hand, highly technical questions of diagnoses and causation which lie beyond the understanding of a layperson require introduction of expert testimony. *See Forsmark v. State*, 349 N.W.2d 763, 768 (Iowa 1984); *Sinkey v. Surgical Assocs.*, 186 N.W.2d 658, 660

(Iowa 1971); *Grosjean v. Spencer*, 258 Iowa 685, 692, 140 N.W.2d 139, 143–44 (1966).

■ Donovan's own petition shows that this is a case requiring expert evidence. He alleged a break in sterile procedure resulting in staph infection, as well as misdiagnosis and delay of treatment. The affidavit of the State's expert asserted that Donovan's problems were caused by a weakening of a replacement valve due to a staph infection. He stated, however, that "[t]here was no indication that there was any break in a surgical or sterile technique which led to the prosthetic valve endocarditis." The factual issues raised clearly demanded expert evidence for their resolution.

Under the court's order under section 668.11, Donovan is left without a crucial part of his case. The State's affidavit which asserts that Donovan's care and medical treatment were proper and within the accepted standards of the medical practice may not be disputed by expert testimony, in view of the court's order. The case is therefore appropriate for summary judgment, because as to evidence by experts, there is no disputed fact issue. This case must be distinguished from *Daboll*, 222 N.W.2d 727, which is heavily relied upon by Donovan. *Daboll* held that a defendant's affidavit could not establish the absence of a disputed fact issue, but in that case section 668.11 was not involved, and the possibility remained that the plaintiff would be able to produce expert testimony at the trial.

III. *Constitutionality of Section 668.-11.*

■ There is also an issue raised concerning the constitutionality of section 668.-11. Donovan claims that, as applied by the district court, this statute denies him equal protection under the United States and Iowa Constitutions. This issue was not raised in the district court, and we cannot consider it here for the first time. *Shill v. Careage Corp.*, 353 N.W.2d 416, 420 (Iowa 1984).

We conclude that the entry of summary judgment was appropriate. We therefore vacate the court of appeals decision and affirm the judgment of the district court.

DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT AFFIRMED.