**Martha NEDVED and John Nedved, Appellants,**

v.

**Brian WELCH, Appellee.**

No. 97–1581.

Supreme Court of Iowa.

Oct. 21, 1998.

Thomas S. Reavely of Whitfield & Eddy, P.L.C., Des Moines, for appellants.

Ned A. Stockdale of Fitzgibbons Law Firm, Estherville, for appellee.

Considered by HARRIS, P.J., and LARSON, LAVORATO, NEUMAN, and ANDREASEN,* JJ.

PER CURIAM.

Plaintiffs, Martha and John Nedved, appeal from the summary judgment entered in favor of defendant, Dr. Brian Welch, on the Nedveds' medical malpractice and loss of consortium claims. The Nedveds contend the district court abused its discretion by denying their request for an extension of time to designate experts. We affirm.

The Nedveds filed suit against Dr. Welch alleging that he had negligently performed a surgical procedure on Martha Nedved. John Nedved brought a claim for loss of consortium in conjunction with his wife's malpractice claim. The Nedveds filed their petition on June 21, 1996. Dr. Welch filed his answer on July 19, 1996.

The Nedveds were required to designate any expert witnesses for trial by January 15, 1997. *See* Iowa Code § 668.11(1)(a) (1995). Shortly before this deadline had run, on January 8, 1997, the Nedveds filed a motion to extend the time for designating experts. As grounds for the extension, they asserted that "it has been impossible for the parties to schedule the depositions necessary for Plaintiffs' experts to reach opinions and conclusions." The Nedveds also asserted that no party would be prejudiced by the motion. They requested approximately sixty days of additional time, up to and including April 1, 1997.

Dr. Welch resisted the motion, asserting the Nedveds' counsel had never requested that depositions be scheduled, and that little had occurred during discovery to warrant an extension. The Nedveds filed a reply in which their counsel asserted she had spoken with the Nedveds about withdrawing from the case, and that they needed time to explore whether or not to secure other counsel. The reply did not dispute Dr. Welch's assertion that no depositions had been requested.

The district court did not rule on the motion until April 3, 1997. As of that time, the Nedveds had yet to designate any expert witnesses. The court found that no good reason had been shown for granting an extension and denied the request. A week later the Nedveds' original counsel withdrew from the case.

Dr. Welch subsequently filed a motion for summary judgment, claiming the Nedveds needed expert testimony to prove their case, and such testimony was now barred. On April 25, the Nedveds' current counsel filed an appearance. The Nedveds then filed a resistance to the summary judgment motion, and a motion for reconsideration of the court's ruling on the extension of time for designating experts. The Nedveds identified an expert whom they were now prepared to designate. They indicated they would agree to an extension of all deadlines in order to avoid prejudicing Dr. Welch.

Following a hearing, the district court denied the motion to reconsider. The court found that although the Nedveds had subsequently obtained new counsel and an expert witness, this was not sufficient cause to rescind the prior order. Since the Nedveds conceded they needed expert testimony to establish their claims, the court also sustained Dr. Welch's motion for summary judgment. The Nedveds appeal.

■ We review the district court's rulings denying the extension for abuse of discretion. *See Hantsbarger v. Coffin,* 501 N.W.2d 501, 505 (Iowa 1993). The exercise of that discretion will not be disturbed unless it was exercised on clearly untenable grounds or to an

* Senior judge assigned by order pursuant to Iowa Code section 602.9206 (1997).

extent clearly unreasonable. *Donovan v. State,* 445 N.W.2d 763, 766 (Iowa 1989).

■ Iowa Code section 668.11 provides in pertinent part:

Disclosure of expert witnesses in liability cases involving licensed professionals.

1. A party in a professional liability case brought against a licensed professional pursuant to this chapter who intends to call an expert witness of their own selection, shall certify to the court and all other parties the expert's name, qualifications and the purpose for calling the expert within the following time period:

a. The plaintiff within one hundred eighty days of the defendant's answer unless the court for good cause not ex parte extends the time of disclosure....

2. If a party fails to disclose an expert pursuant to subsection 1 or does not make the expert available for discovery, the expert shall be prohibited from testifying in the action unless leave for the expert's testimony is given by the court for good cause shown.

Section 668.11 requires substantial compliance, which is compliance in respect to essential matters necessary to assure the reasonable objectives of the statute. *Hantsbarger,* 501 N.W.2d at 504. These objectives include providing certainty about the identity of experts and preventing last minute dismissals when an expert cannot be found. *Id.* The statute is designed to require plaintiffs to have their proof prepared at an early stage in the litigation in order to protect professionals from having to defend against frivolous suits. *Id.*

■ The record suggests that this is not a case involving a frivolous claim which will have to be dismissed on the eve of trial. The Nedveds have an expert willing to testify that Martha Nedved was injured through Dr. Welch's negligence. Nonetheless, there was no compliance, much less substantial compliance, with the statute prior to the running of the deadline. *Cf. Hantsbarger,* 501 N.W.2d at 505. The Nedveds did not file any sort of designation or certification of experts, or identify any experts in discovery responses,

until three months after the deadline had run.

The Nedveds, through their first attorney, did make a timely request for an extension of the deadline pursuant to section 668.11(1)(a). In order to obtain the extension, however, the statute requires them to demonstrate good cause for it. The only reason given by the Nedveds in the motion for extension, other than lack of prejudice to Dr. Welch, was the parties' inability "to schedule the depositions necessary for Plaintiffs' experts to reach opinions and conclusions." This assertion suggests the Nedveds had at least identified potential expert witnesses by that point, yet the identities of these experts were never passed on to Dr. Welch or the court. Dr. Welch disputed that any attempt had been made to schedule depositions, and the Nedveds did not challenge this assertion in their reply. Instead, the Nedveds' attorney offered a different reason in the reply—that she was preparing to withdraw, and the Nedveds would need additional time to seek new counsel. She again requested a sixty-day extension.

In ruling on the application, the district court did not have to accept the explanation for the delay, which was contradicted and without any evidentiary support. In interpreting the term "good cause" in section 668.11, we have relied on the definition of good cause for setting aside a default judgment, which is a

sound, effective, *truthful* reason, something more than an excuse, a plea, apology, extenuation, or some justification for the resulting effect. The movant must show his failure to defend was not due to his negligence or want of ordinary care or attention, or to his carelessness or inattention. He must show affirmatively he did intend to defend and took steps to do so, but because of some misunderstanding, accident, mistake or excusable neglect failed to do so. Defaults will not be vacated where the movant has ignored plain mandates in the rules with ample opportunity to abide by them.

*Donovan,* 445 N.W.2d at 766 (quoting *Dealers Warehouse Co. v. Wahl & Assocs.,* 216 N.W.2d 391, 394–95 (Iowa 1974)) (emphasis

added). In light of the questionable reason given for the delay, we conclude the district court did not exercise its discretion on untenable grounds or to an extent clearly unreasonable in finding the Nedveds had failed to establish good cause for an extension. The court would be similarly justified in rejecting the belated excuse that the Nedveds needed more time because of their counsel's intention to withdraw. In any event the district court did not deny the motion until after the additional time requested had run. By that time the motion was essentially moot since the Nedveds had still not designated an expert witness for trial.

■ With respect to the Nedveds' motion to reconsider, the only additional fact they presented was that they had subsequently been able to find an expert. We agree with the district court that should this fact alone establish good cause for an extension, the requirements of section 668.11 would be rendered meaningless. It does not appear Dr. Welch has suffered any prejudice by the three-month late designation, other than the prejudice which might be presumed to occur when experts are not designated by the statutory deadline. However, while it is true the court should consider lack of prejudice to the opposing party in considering whether good cause exists, *see Hantsbarger*, 501 N.W.2d at 505, it is only one factor. Lack of prejudice, by itself, does not excuse the Nedveds' late designation. *See Cox v. Jones*, 470 N.W.2d 23, 25 (Iowa 1991). To the extent blame for the late designation falls on the Nedveds' former attorney, they may nevertheless be held responsible for the actions of their counsel. *See Troendle v. Hanson*, 570 N.W.2d 753, 756 (Iowa 1997).

The Nedveds do not dispute that expert testimony is necessary for them to establish their claims against Dr. Welch. Accordingly, they concede that if the district court properly denied their motion for extending the time to designate experts, summary judgment was appropriate. *See Donovan*, 445 N.W.2d at 766–67. We conclude the district court did not abuse its discretion in denying the Nedveds' motion for extension and motion to reconsider. Under the contested record, the court could properly find the Nedveds did not have good cause for the delay in designating their expert.

**AFFIRMED.**