# IN THE COURT OF APPEALS OF IOWA

No. 19-1642
Filed March 17, 2021

JANET SCHNEIDER, Individually and as Executor for the Estate of Richard C. Schneider, deceased,
    Plaintiff-Appellant,

vs.

JENNIE EDMUNDSON MEMORIAL HOSPITAL d/b/a METHODIST JENNIE EDMUNDSON, PHYSICIANS CLINIC, INC., ACCELECARE WOUND PROFESSIONALS, LLC, ALEGENT HEALTH—BERGAN MERCY HEALTH SYSTEM d/b/a CHI HEALTH MERCY COUNCIL BLUFFS, OAKLAND HEALTHCARE MANAGEMENT, LLC, d/b/a OAKLAND MANOR, MIDWEST GERIATRIC MANAGEMENT, LLC, d/b/a MGM HEALTHCARE d/b/a OAKLAND MANOR, and GREGORY V. STANISLAV, MD,
    Defendants-Appellees.

_____

Appeal from the Iowa District Court for Pottawattamie County, Craig M. Dreismeier, Judge.

Janet Schneider appeals the district court's orders denying her request for an extension of time to file an expert witness certificate of merit affidavit pursuant to Iowa Code section 147.140 (2018) and dismissing her personal injury and wrongful death action arising from the death of her husband following his treatment by the defendant medical providers. **AFFIRMED.**

Christopher P. Welsh of Welsh & Welsh, PC, LLO, Omaha, Nebraska, and John W. Kocourek, Council Bluffs for appellant.

Aaron J. Redinbaugh and Frederick T. Harris of Finley Law Firm, PC, Des Moines, for appellee Jennie Edmundson Memorial Hospital d/b/a Methodist Jennie Edmundson and Physicians Clinic, Inc.

Blake R. Hanson and Scott Wormsley of Bradshaw, Fowler, Proctor & Fairgrave, P.C., Des Moines, for appellees Oakland Healthcare Management, LLC, d/b/a Oakland Manor, and Midwest Geriatric Management, LLC, d/b/a MGM Healthcare d/b/a Oakland Manor.

Patrick G. Vipond and Tiffany S. Boutcher of Lamson, Dugan & Murray, LLP, Omaha, Nebraska, for appellee Alegant Health—Bergan Mercy Health System d/b/a CHI Health Mercy Council Bluffs.

Robert M. Slovek of Kutak Rock LLP, Omaha, Nebraska, for appellees Gregory V. Stanislav, MD and Accelecare Wound Professionals, LLC.

Heard by Vaitheswaran, P.J., and Tabor and Ahlers, JJ.

**VAITHESWARAN, Presiding Judge.**

This appeal implicates Iowa Code section 147.140 (2018), which became effective on July 1, 2017. *See* 2017 Iowa Acts ch. 107 §§ 4, 5. The provision requires a plaintiff who alleges medical malpractice and relies on expert testimony to make a prima facie case, to "serve upon the defendant a certificate of merit affidavit signed by an expert witness with respect to the issue of standard of care and an alleged breach of the standard of care." Iowa Code § 147.140(1). The plaintiff is to serve the certificate "prior to the commencement of discovery in the case and within sixty days of the defendant's answer," unless the parties agree to an extension, or unless the plaintiff files a motion for extension of time within the sixty-day period and the court finds good cause for an extension. *Id.* § 140.147(1), (4). "Failure to substantially comply with" the certificate requirement "shall result, upon motion, in dismissal with prejudice of each cause of action as to which expert witness testimony is necessary to establish a prima facie case." *Id.* § 140.147(6).

In 2018, Janet Schneider, individually and as executor of the estate of her husband Richard Schneider, filed a claim "for wrongful death . . . pursuant to Iowa Code 633.336"[1] against Jennie Edmundson Memorial Hospital d/b/a Methodist Jennie Edmundson; Physicians Clinic, Inc.; Accelecare Wound Professionals, LLC; Alegent Health—Bergan Mercy Health System d/b/a CHI Health Mercy Council Bluffs; Oakland Healthcare Management, LLC d/b/a Oakland Manor; Midwest Geriatric Management LLC d/b/a MGM Healthcare d/b/a Oakland Manor; and Gregory Stanislav, M.D. In her original and amended petition, she alleged her

---

[1] Iowa Code section 633.336 addresses "[d]amages for wrongful death."

husband was admitted to Oakland Manor on December 30, 2016, with pressure injuries; he "subsequently received treatment for his injuries"; and he passed away on November 1, 2017. She claimed the defendants (1) "breached their duty . . . to possess and use the care, skill, and knowledge ordinarily possessed and used under like circumstances by other health care providers, physicians, and members of their respective professions"; (2) "were negligent in" several respects; and (3) "[t]hat as a direct and a proximate result of the Defendants' negligence and the wrongful death of Decedent, [she] . . . sustained severe and permanent damages, injuries, and losses."

The defendants filed answers, triggering deadlines for complying with section 147.140(1). The district court summarized the deadlines as follows:

| Defendant | Date Answer Filed | 60 (Sixty) Day Deadline | Timely Filing |
|---|---|---|---|
| Alegent Health Bergan Mercy d/b/a CHI Health Mercy Council Bluffs | 05/13/19 | 07/12/19 | no |
| Midwest Geriatric Management, L.L.C. | 05/28/19 | 07/29/19 | yes |
| Oakland Healthcare Management | 05/28/19 | 07/29/19 | yes |
| Jennie Edmundson Memorial Hospital | 05/15/19 | 07/15/19 | no |
| Accelecare Wound Professionals | 05/20/19 | 07/19/19 | yes |
| Physicians Clinic | 05/15/19 | 07/15/19 | no |
| Gregory Stanislav, M.D. | 05/20/19 | 07/19/19 | yes |

On July 18, 2019, Schneider filed a motion to extend the time to serve a certificate of merit affidavit. All the defendants resisted the motion and moved to dismiss Schneider's petition.

The district court determined Schneider's "action commenced on the date of death, November 1, 2017, which is after July 1, 2017," the effective date of

section 147.140. The court stated Schneider was "required to provide the certificate of merit within 60 (sixty) days of [d]efendants' answers" or file a motion for extension of time "prior to" the sixty-day "deadline." Although Schneider's extension motion "was timely with four out of seven Defendants," the court concluded she did not "establish[] or demonstrate[] good cause" and, "absent a showing of good cause and timely filing," she did not "substantially compl[y] with the Code." The court dismissed the petition with prejudice.

Schneider moved for reconsideration, asserting in part that she pled "damages up to the date of death," which "constitute[d] a separate personal injury claim as distinct from the claim for wrongful death." The district court rebuffed the assertion, stating, "This case was clearly presented to the Court as a wrongful death action" and "any cause of action alleged from the standpoint of negligence not including wrongful death was absorbed into the wrongful death action that was filed in this case."

On appeal, Schneider asserts "the [d]efendant's negligent care began on or about December 30, 2016, when Mr. Schneider was admitted to Oakland Manor" and "[h]ad [he] survived, the malpractice claim would have accrued before July 1, 2017." Schneider's argument is unsupported by allegations in the petition. Schneider pled wrongful death; she did not plead a separate claim for personal injury against any of the defendants. While she alleged her spouse sustained certain damages before his death,[2] the district court correctly found that those "pre-

---

[2] Schneider sought damages for "medical expenses," "physical and mental pain and suffering," "lost income and wages and diminished earning capacity," and "[l]oss of enjoyment of life" and loss of function of the body.

death damages" were subsumed within the wrongful death action. *See* Iowa Code § 613.15 (authorizing spouse's recovery of hospital expenses); *State v. Izzolena*, 609 N.W.2d 541, 546 n.2 (Iowa 2000) (listing damages available in wrongful death action); *Kuta v. Newberg*, 600 N.W.2d 280, 285 (Iowa 1999) (in a wrongful death action, stating "[p]ain and suffering damages are compensable even if the injured person was not conscious for an extended period of time"). With death concededly occurring after the effective date of section 147.140, the district court also did not err in concluding Schneider was bound by its provisions.

Schneider failed to file a certificate-of-merit affidavit or move for an extension of time within sixty days of the answers filed by defendants Alegent Health—Bergan Mercy Health System, Jennie Edmundson Memorial Hospital, and Physicians Clinic. Because she did not substantially comply with Iowa Code section 147.140(1), those defendants were entitled to dismissal with prejudice without consideration of whether there was good cause for an extension. *See* Iowa Code § 147.140(6).

Schneider did file a motion for extension of time within sixty days of the remaining four defendants' answers. Because that motion was timely, the district court was authorized to decide whether she established good cause for an extension. *See id.* § 147.140(4). As noted, the district court concluded Schneider failed to establish good cause for an extension. The court reasoned that Schneider's motion provided "no reason for noncompliance with the Code other than stating that the case is complex involving multiple healthcare providers and many pages of medical records." The court continued,

> It is typical, and not exceptional, for an action of personal injury and/or wrongful death by way of medical malpractice to be complex often involving many defendants and voluminous medical records. Indeed, this case is not distinct from the general nature of these cases. The mere fact that an action is complicated does not meet the interpreted standard for a showing of good cause in Iowa.

The court also stated: "[Schneider] first filing the Motion to Extend to comply with the Code, then subsequently arguing that the Code does not apply to [Schneider]'s case at all, tends to indicate that [Schneider] was aware of the duty to comply and simply neglected to do so."

We discern no abuse of discretion in the court's refusal to find good cause for an extension. *Cf. id.* § 668.11(1) (allowing for a good cause extension of the time to file an expert witness designation); *Nedved v. Welch*, 585 N.W.2d 238, 240 (Iowa 1998) ("In light of the questionable reason given for the delay, we conclude the district court did not exercise its discretion on untenable grounds or to an extent clearly unreasonable in finding the Nedveds had failed to establish good cause for an extension" under section 668.11). Finding no need to perseverate on the issue, we conclude by simply noting the absence of error in the district court's conclusion that these four defendants, like the first three, were entitled to dismissal with prejudice.

**AFFIRMED.**