# IN THE COURT OF APPEALS OF IOWA

No. 21-0303
Filed May 25, 2022

JENA REYES and RICARDO REYES,
        Plaintiffs-Appellants,

vs.

ADAM SMITH, M.D., ADAM SMITH, M.D., P.C., TRI-STATE SPECIALISTS, L.L.P., PIERCE STREET SAME DAY SURGERY, L.C., UNITYPOINT HEALTH, and NORTHWEST IOWA HOSPITAL CORPORATION, d/b/a ST. LUKE'S REGIONAL MEDICAL CENTER OF SIOUX CITY,
        Defendants-Appellees.
_____

Appeal from the Iowa District Court for Woodbury County, Zachary Hindman, Judge.

Jena and Ricardo Reyes appeal the denial of their motion for additional time to designate an expert witness and the grant of summary judgment in favor of the defendants on their medical-malpractice claim. **AFFIRMED.**

Jon Specht of Trial Lawyers for Justice, Decorah, for appellants.

John C. Gray and Jeff W. Wright of Heidman Law Firm, P.L.L.C., Sioux City, for appellees Adam Smith, M.D., Adam Smith, M.D., P.C., and Tri-State Specialists, LLP.

Erik Bergeland and Joseph F. Moser of Finley Law Firm, P.C., Des Moines, for appellees UnityPoint Health and Northwest Iowa Hospital Corporation d/b/a St. Luke's Regional Medical Center of Sioux City.

Considered by Vaitheswaran, P.J., May, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**VOGEL, Senior Judge.**

In July 2019, Jena and Ricardo Reyes (collectively "Reyes") filed suit against Adam Smith, M.D.; Adam Smith, M.D., P.C.; Tri-State Specialists, L.L.P.; Pierce Street Same Day Surgery, L.C.; Unitypoint Health; and Northwest Iowa Hospital Corporation d/b/a St. Luke's Regional Medical Center of Sioux City (collectively "Smith"). The suit alleged, among other things, Dr. Smith committed medical malpractice in his care and treatment of Jena. In February 2020, Reyes filed an amended petition. On February 6, Smith filed an answer. On February 24, Reyes filed a certificate of merit under Iowa Code section 147.140 (2019), which provided the opinion of Dr. Richard Marfuggi that Dr. Smith breached the standard of care.

On March 4, 2020, Reyes filed a trial scheduling and discovery plan (Plan). Among other provisions, the Plan stated Reyes would designate their expert witnesses by July 7, 2020, "[p]er Iowa Code section 668.11." On October 5, Smith filed their designation of expert witnesses before Reyes did so. On October 6, Smith filed a motion for summary judgment based on Reyes's failure to designate their expert witnesses as of that date. On October 9, Reyes filed an expert witness disclosure naming Dr. Marfuggi as their expert. On October 22, Reyes filed a motion for additional time to designate expert witnesses, asserting substantial compliance and they had good cause for missing the expert-designation deadline due to the COVID-19 pandemic and other factors. Following a hearing on both outstanding motions, the district court denied Reyes's request for additional time to designate their expert witness and granted Smith's motion for summary judgment. Reyes appeals, contending the district court abused its discretion in

denying their motion for additional time and thus erred in granting Smith's motion for summary judgment.

## I. Standard of Review

We review the denial of additional time to designate expert witnesses for abuse of discretion. *Hill v. McCartney*, 590 N.W.2d 52, 54 (Iowa Ct. App. 1998). "Trial courts have broad discretion in ruling on whether to extend the time allowed for parties to designate expert witnesses under [section] 668.11, and the exercise of that discretion will not be disturbed unless it was exercised on clearly untenable grounds or to an extent clearly unreasonable." *Id.* at 54–55.

We review the grant of summary judgement for correction of errors at law. *Kunde v. Est. of Bowman*, 920 N.W.2d 803, 806 (Iowa 2018). We view the record "in the light most favorable to the party opposing summary judgment." *Id.*

## II. Analysis

### A. Motion for Enlargement of Time to Designate Expert Witnesses

A plaintiff alleging medical malpractice must designate their "expert's name, qualifications and the purpose for calling the expert . . . within one hundred eighty days of the defendant's answer unless the court for good cause not ex parte extends the time of disclosure." Iowa Code § 668.11(1)(a). Failure to timely designate an expert generally bars the expert from testifying in the action. *Id.* § 668.11(2). The legislative intent behind this requirement "was to provide certainty about the identity of experts and prevent last minute dismissals when an expert cannot be found." *Hantsbarger v. Coffin*, 501 N.W.2d 501, 504 (Iowa 1993).

Reyes contends they substantially complied with the requirements of Iowa Code section 668.11. *See id.* ('[S]ection 668.11 requires substantial compliance.

Substantial compliance is 'compliance in respect to essential matters necessary to assure the reasonable objectives of the statute.'" (quoting *Superior/Ideal, Inc. v. Bd. of Rev.*, 419 N.W.2d 405, 407 (Iowa 1988))). Reyes asserts they substantially complied with section 668.11 by arranging for Dr. Marfuggi as their expert before Smith's answer and then disclosing Dr. Marfuggi's name, qualifications, and opinion in the certificate of merit. However, nothing in the certificate of merit shows Reyes intended to use the same professional as their expert witness. Furthermore, the certificate-of-merit statute explicitly states the plaintiff "shall comply with the requirements of section 668.11 and all other applicable law governing certification and disclosure of expert witnesses." Iowa Code § 147.140(3). The certificate of merit "works in tandem" with the expert designation, and the two requirements serve different purposes. *Struck v. Mercy Health Servs.-Iowa Corp.*, ___ N.W.2d ___, ___, 2022 WL 1194011, at * 5 (Iowa 2022); *accord McHugh v. Smith*, 966 N.W.2d 285, 288–92 (Iowa Ct. App. 2021) (discussing the distinct purposes of Iowa Code sections 147.140 and 668.11). Thus, Reyes did not substantially comply with section 668.11 by simply filing their certificate of merit.

Reyes also contends they have good cause for an extension of the expert-designation deadline. For purposes of section 668.11, "good cause"

> is a "sound, effective, *truthful* reason, something more than an excuse, a plea, apology, extenuation, or some justification for the resulting effect. The movant must show his failure to defend was not due to his negligence or want of ordinary care or attention, or to his carelessness or inattention. He must show affirmatively he did intend to [act] and took steps to do so, but because of some misunderstanding, accident, mistake or excusable neglect failed to do so. Defaults will not be vacated where the movant has ignored plain mandates in the rules with ample opportunity to abide by them."

*Nedved v. Welch*, 585 N.W.2d 238, 240 (Iowa 1998) (quoting *Donovan v. State*, 445 N.W.2d 763, 766 (Iowa 1989)). "In determining whether good cause exists for granting plaintiff's request to be excused from complying with the section 668.11 time limit, the court considers three factors: (1) the seriousness of the deviation; (2) the prejudice to the defendant; and (3) defendant's counsel's actions." *Hill*, 590 N.W.2d at 55.

Taking the factors in reverse order, Reyes asserts Smith's counsel remained silent as Reyes missed the expert-designation deadline here and has cooperated in other cases, but they do not claim Smith's counsel's actions contribute to finding good cause here. *See Hantsbarger*, 501 N.W.2d at 505 (rejecting a suggestion "that opposing counsel must act as his or her 'brother's keeper'").

Reyes also asserts the prejudice to Smith due to the missed deadline is minimal, but "[l]ack of prejudice, by itself, does not excuse the [plaintiffs'] late designation." *Nedved*, 585 N.W.2d at 241. As noted above, Smith filed their expert designation on October 5, 2020, long after Reyes's time to do so had passed. Thus, Reyes's late filing deprived Smith of their strategic advantage under section 668.11 of knowing the plaintiffs' expert evidence before designating their own experts. *See Stanton v. Knoxville Cmty. Hosp., Inc.*, No. 19-1277, 2020 WL 4498884, at *3 (Iowa Ct. App. Aug. 5, 2020).

Reyes leans heavily on the first factor, seriousness of the deviation, asserting the deviation was not serious because they only missed the deadline by

sixty-six days[1] and the extraordinary COVID-19 pandemic led to their calendar error that caused them to miss the expert-designation deadline. However, a delay of sixty-six days is substantial. *See Hill*, 590 N.W.2d at 55 (affirming the rejection of an expert designation filed four months late); *Nedved*, 585 N.W.2d at 240 (affirming the rejection of an expert designation filed three months late). Additionally, their attempt to attribute the delay to the pandemic is unpersuasive. Reyes has the burden to show good cause exists. *See Nedved*, 585 N.W.2d at 240. Yet, Reyes did not submit affidavits or present witnesses to provide evidentiary support for their general claims. Even accepting their arguments as factually true, they never explain exactly how the pandemic interfered with counsels' work or their ability to timely file an expert designation beyond attributing the late filing to their error in calendaring the deadline. Furthermore, Reyes filed their Plan describing the expert-designation deadline on March 4, 2020; Iowa's governor issued her first disaster proclamation in response to the pandemic on March 9,[2] and the Iowa Supreme Court issued its first order for preparations in response to the pandemic on March 12,[3] giving Reyes sufficient time to properly

---

[1] The parties disagree about the date Reyes's expert designation was originally due. Smith asserts the due date is the date listed in the Plan: July 7, 2020. Reyes asserts July 7 was an error on their part, and the correct due date should have been 180 days after Smith's answer—August 4—as described in Iowa Code section 668.11(1)(a). We need not decide the issue because even if we accept Reyes's contention that the due date was August 4 and their expert designation was sixty-six days late, we would still find no abuse of discretion in denying an extension.

[2] State of Iowa Exec. Dep't, *Proclamation of Disaster Emergency* (Mar. 9, 2020); *see also Riley Drive Ent. I, Inc. v. Reynolds*, 970 N.W.2d 289, 292 (Iowa 2022) (discussing the governor's response to the pandemic in March 2020, including statewide restrictions imposed on March 17).

[3] Iowa Supreme Ct. Supervisory Order, *In the Matter of Preparation for Coronavirus/COVID-19 Impact on Court Services* (Mar. 12, 2020); *see also In re*

calendar the expert-designation deadline before the impact of the pandemic. Reyes has shown little more than want of ordinary care or attention in missing the expert-designation deadline, and the district court did not abuse its discretion in denying their motion for additional time to designate an expert witness.

### B. Motion for Summary Judgment

Reyes does not dispute that they must present expert testimony for their medical malpractice claims to survive summary judgment. *See Kennis v. Mercy Hosp. Med. Ctr.*, 491 N.W.2d 161, 167 (Iowa 1992) (finding that expert testimony is necessary in a medical malpractice action to establish the defendant's negligence). Instead, Reyes's argument is summary judgment was improper because the court improperly denied their motion for additional time as discussed above. Without Dr. Marfuggi, Reyes has no expert testimony to support their claims. Because the denial of the motion for additional time was within the district court's discretion, the district court did not err in granting summary judgment in favor of Smith.

### III. Conclusion

The district court did not abuse its discretion in denying Reyes's motion for additional time to designate an expert witness. Because Reyes lacked an expert witness, the court did not err in granting summary judgment in favor of Smith.

**AFFIRMED.**

---

*A.H.,* 950 N.W.2d 27, 34 (Iowa Ct. App. 2020) (discussing the Iowa judiciary's response to the pandemic in March 2020, including an order continuing most proceedings dated March 14).