# IN THE COURT OF APPEALS OF IOWA

No. 24-0197
Filed February 5, 2025

**ESTATE OF SHIRLEY A. SPIDLE and KELLI L. POMEROY,**
Plaintiffs-Appellants,

**vs.**

**CHI NATIONAL HOME CARE,**
Defendant-Appellee.
_____

Appeal from the Iowa District Court for Dallas County, Brad McCall, Judge.

An estate appeals the district court's dismissal of its wrongful-death action.

**AFFIRMED.**

J. Michael Boomershine and Andrew G. Carlson of Sullivan & Ward, P.C.,

West Des Moines, for appellants.

Ryan P. Tunink and Frederick T. Harris of Lamson, Dugan, & Murray, LLP,

West Des Moines, for appellee.

Heard by Tabor, C.J., and Chicchelly and Buller, JJ.

**CHICCHELLY, Judge.**

An estate appeals the district court's dismissal of its wrongful-death action against CHI National Home Care (CHI). Upon our review, we affirm.

### I. Background Facts and Proceedings.

The estate of Shirley A. Spidle brought this action against CHI in mid-2023, two days before the statute of limitations, after Spidle died of sepsis resulting from a urinary tract infection. In its petition, the estate alleged CHI was the cause of Spidle's death because her urinary tract infection developed from a catheter placed by CHI's nurse. In its amended petition, the estate alleged several counts, including wrongful death, medical malpractice, and negligence; vicarious liability; negligent supervision, training, and staffing; and loss of parental consortium. CHI filed its answer on August 31, 2023, which then required the estate to serve its certificate of merit affidavit by October 30, 2023, for any claims governed by Iowa Code section 147.140. *See* Iowa Code § 147.140(1)(a) (2023) (requiring the plaintiff to "serve upon the defendant a certificate of merit affidavit signed by an expert witness" "within sixty days of the defendant's answer").

On October 30, the day of the deadline, the estate acknowledged that the certificate of merit affidavit was delayed and requested an extension. *See id.* § 147.140(4) (permitting parties to request an extension "for good cause shown"). CHI moved to dismiss. *See id.* § 147.140(6) (providing for dismissal of claims for "[f]ailure to substantially comply" with the certificate-of-merit requirements); *Est. of Butterfield v. Chautauqua Guest Home, Inc.*, 987 N.W.2d 834, 841 (Iowa 2023) (recognizing the "'harsh' consequence" of dismissal accompanies noncompliance

with section 147.140 (citation omitted)). In response, the court scheduled a hearing on both motions.

Less than three hours before the hearing, the estate filed a supplemental resistance in which it alleged that a certificate of merit affidavit was not required because its claims did not require expert testimony. After the hearing, the court found the estate lacked "good cause" for an extension and dismissed its claims.[1] The estate appeals.

## II.      Review.

We review statutory-interpretation rulings and rulings on motions to dismiss for correction of errors at law. *Struck v. Mercy Health Servs.-Iowa Corp.*, 973 N.W.2d 533, 538 (Iowa 2022).

## III.      Discussion.

CHI challenges only one issue: the dismissal of its claims based on the failure to comply with the certificate-of-merit requirement because it alleges this requirement was inapplicable to its claims.[2] But before proceeding to the merits, we first consider whether error has been preserved for our review.

---

[1] While the court denied the extension on its merits, it did note that the issue was "essentially moot" because it could not provide the estate with its requested relief. *See Nedved v. Welch*, 585 N.W.2d 238, 241 (Iowa 1998) (finding the motion "essentially moot" because the court denied the motion to extend "after the additional time requested had run").

[2] CHI asks us to dismiss this appeal without considering any arguments because it alleges the estate did not comply with our appellate rules. CHI relies on rule 6.1006(1), which permits a party to move "to dismiss an appeal based upon the appellant's failure to comply" with appellate rules, but it failed to make such a motion. And while we may dismiss appeals sua sponte, *see* Iowa R. App. P. 6.1202(1)(a), we decline to do so here.

*A. Error Preservation.*

CHI first claims that error is not preserved because the district court did not consider the supplemental resistance in its ruling. "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). But we disagree. While the court expressed its dissatisfaction with the untimely resistance, we do not find that it reserved ruling on the included issues. Instead, it proceeded to the merits and found that the claims still required a certificate of merit affidavit.

In the alternative, CHI argues that the invited-error doctrine should apply because the estate conceded that a certificate of merit affidavit was needed in its request for more time. *See In re Est. of Peterson*, No. 21-0218, 2022 WL 1487126, at *3 (Iowa Ct. App. May 11, 2022) ("Under the Doctrine of Invited Error, it is elementary a litigant cannot complain of error which he has invited or to which he has assented." (citation omitted)). But because we resolve this issue on other grounds, we do not consider this argument further.

Finally, CHI claims that even if the supplemental resistance was considered, error was still not preserved.

> Section 147.140(1)(a) establishes that a certificate of merit is required when a plaintiff pleads
> (1) an "action for personal injury or wrongful death,"
> (2) "against a health care provider,"
> (3) which is "based upon the alleged negligence in the practice of that profession or occupation or in patient care," and
> (4) "includes a cause of action for which expert testimony is necessary to establish a prima facie case."

*Struck*, 973 N.W.2d at 540 (citation omitted). CHI argues that in its supplemental resistance, the estate expressly conceded the first three elements and only challenged the fourth: whether expert testimony was required for what the estate considered "blatant acts" or "nonmedical or routine care." The district court then ruled, finding that the claims were not ordinary negligence and required expert testimony. But for the first time on appeal, the estate now contests the third element: whether CHI was engaged in a "profession or occupation or in patient care." *Id.* at 540. Because the estate did not raise this issue below and the district court therefore did not rule on it, we similarly do not consider it on appeal. *See Meier*, 641 N.W.2d at 537.

### B. Merits.

After applying error-preservation principles, the estate only challenges one finding by the court: whether expert testimony is required for what it argues are "ordinary negligence claims." But Iowa courts have found over and over again that such claims do require expert testimony. *See, e.g.*, *Struck*, 973 N.W.2d at 539 ("It is well settled that expert testimony is required to prove professional negligence claims against healthcare providers."). While "we have recognized some professional breaches are so blatant that expert testimony is not required for them," *see Butterfield*, 987 N.W.2d at 841, this is not the circumstance here. The estate is not alleging an error obvious to a layperson, such as leaving "an instrument . . . in the body" during surgery or "amputat[ing] the wrong limb." *Id.* Similarly, the estate is not claiming CHI provided inept "nonmedical, administrative, ministerial, or routine care." *Id.* (citation omitted) (providing examples of "routine care," such as "helping patients shower" or repositioning duties). Instead, it is

alleging that CHI acted outside the appropriate professional standard of care in its placement and accompanying treatment (or lack thereof) of Spidle's catheter. "Whether or not [a cystostomy tube and catheter were] properly placed is a matter not within the comprehension of an average layperson." *Kennis v. Mercy Hosp. Med. Ctr.*, 491 N.W.2d 161, 165 (Iowa 1992). Similarly, "highly technical questions of causation" also require expert testimony. *Id.* at 167. Jurors cannot make the necessary legal conclusions without "special or peculiar training, experience, or observation" on such subjects as proper catheter placement and removal, appropriate follow-up care, and when to escalate a concern to a physician. *See Struck*, 973 N.W.2d at 543 (citation omitted). This is true even for what the estate cites as "nonmedical" claims, such as vicarious liability or negligent supervision, training, and staffing. *See id.* at 544 (finding negligent, hiring, retention, or supervision claims must still follow certificate-of-merit requirements because they rely on "underlying professional negligence claims" to succeed).[3] Without these underlying professional negligence claims, the estate cannot then establish CHI's

---

[3] The estate does further argue that recent Iowa Supreme Court caselaw requires us to reverse the dismissal of its "ordinary negligence" claims. *See Jorgensen v. Smith*, 2 N.W.3d 868, 877 (Iowa 2024) (distinguishing *Struck* because it involved a "case-within-a-case problem" wherein nonmedical claims rely on professional negligence). But we find *Jorgensen* inapposite because it involved largely employment-related claims against a physician, some of which were wholly nonmedical. *See id.* at 871 (arguing a physician should have been terminated based on previous reports of "rampant malpractice and widespread insurance fraud"). Further, *Jorgensen* did not even consider the fourth element, which is the sole issue on appeal here, but it noted that "expert testimony could still be necessary" for these types of claims. *Id.* at 877, 879 ("[W]e need not address section 147.140's fourth criterion."), 880 (finding "expert testimony could still be necessary to show that a [healthcare facility] should have known that a [practitioner] was unfit and, therefore, should have discharged" them). We therefore find this argument without merit.

"liability for wrongfully hiring or retaining them." *Id.* We therefore find that all of the estate's claims required a certificate of merit affidavit, and because the estate failed to file one, the claims were properly dismissed.

## IV.     *Disposition.*

Because the court did not err in its dismissal of the estate's claims, we affirm.

**AFFIRMED.**