**Edward EATON and Karen Eaton, Appellants,**

v.

**Gerald L. MEESTER, M.D., and the Finley Hospital, Appellees.**

**No. 89–1696.**

Court of Appeals of Iowa.

Oct. 23, 1990.

David P. McManus and William F. Olinger, of Olinger & McManus, Dubuque, for appellants.

Michael J. Coyle and Gregg L. Owens, of Fuerste, Carew, Coyle, Juergens & Sudmeier, P.C., Dubuque, for appellee Meester.

David L. Hammer and Angela C. Simon, of Hammer, Cox & Simon, Dubuque, for appellee hospital.

Heard by OXBERGER, C.J., and DONIELSON and HAYDEN, JJ.

OXBERGER, Chief Judge.

The plaintiffs, Edward and Karen Eaton, appeal a district court order dismissing their medical malpractice claim pursuant to Iowa Rule of Civil Procedure 134(b)(2)(C) as a sanction for the plaintiffs' violation of a discovery order. The plaintiffs appeal, arguing the dismissal was an excessive sanction and was an abuse of the district court's discretion. The defendants, Dr. Gerald Meester and the Finley Hospital, contend the present appeal is untimely since the appeal was not filed within thirty days of the date of dismissal. We. affirm.

On February 5, 1987, Edward Eaton had surgery performed upon his knee by Dr. Gerald Meester at Finley Hospital. Following surgery, a cast was placed on his right leg and knee. After the cast was removed, Eaton experienced numbness in his right

ankle and foot, and suffered an Achilles tendon injury. On December 29, 1987, Eaton brought the present action against Dr. Meester and Finley Hospital, alleging professional negligence in the application of the cast.

On May 23, 1988, Finley Hospital filed a request for production of documents for all medical records relating to diagnosis or treatment for the period of ten years prior to the surgery and continuing to the present. Meester filed a similar request. Eaton did not file a formal response to Finley's request, but did send a copy of its response to Meester's request. In this response Eaton produced a partial record from his stay at Mercy Health Center in Dubuque. Those records showed Eaton had been transferred to Mercy from a Lancaster, Wisconsin hospital complaining of chest pains and numbness in his left side. In answers propounded to Eaton by Finley, Eaton was questioned about his prior illnesses, their nature, diagnosis and treatment. Eaton responded he had suffered a stroke in 1982 but made no mention of his 1984 hospitalization at Mercy.

At his deposition of October 24, 1988, Eaton was questioned about prior neurological problems and was specifically questioned as to whether he had ever been diagnosed as having Bell's Palsy, to which he responded no. Trial was ultimately scheduled for June 13, 1989. At a pretrial conference on June 2, 1989, counsel for Finley made an oral motion to compel due to Eaton's failure to provide all the records requested. Pursuant to that motion, the district court ordered Eaton to produce all doctors' reports and records from the University of Iowa Hospital by June 6, 1989. The court further ordered that all other pertinent records be produced by June 7, 1989. At approximately 6:00 p.m. on June 7, 1989, Eaton produced a portion of the University of Iowa Hospital records and from Medical Associates. The Lancaster Hospital records were never produced.

On June 9, 1989, Finley moved for sanctions, seeking dismissal of Eaton's claim, based upon its examination of the produced records. The records indicated Eaton had been treated for Bell's Palsy as early as 1984, at which time he had complained of numbness in his left side. The records further indicated Eaton's counsel had been supplied this information more than a year earlier. Following a hearing, the district court dismissed Eaton's case pursuant to Iowa Rule of Civil Procedure 134(b)(2)(C). On June 15, 1989, Eaton filed a motion to reconsider the dismissal. The motion was ultimately heard on August 23, 1989, at which time the district court ordered a transcript of the hearing. On October 23, 1989, the district court upheld the dismissal and denied Eaton's motion to reconsider. Eaton filed his appeal on November 6, 1989, more than thirty days after the dismissal but within thirty days of the ruling denying his motion to reconsider.

■ The determinative question in this case is whether Eaton timely filed his notice of appeal. Iowa Rule of Appellate Procedure 5(a) provides that appeals to this court "must be taken within, and not after, thirty days from the entry of the order, judgment, or decree, unless a motion for new trial or judgment notwithstanding the verdict, or a motion as provided in R.C.P. 179(b), is filed, and then within thirty days after the entry of the ruling on such motion...." This provision is mandatory and jurisdictional. *Kunau v. Miller*, 328 N.W.2d 529, 530 (Iowa 1983).

Because Eaton's appeal was not taken within thirty days of the order dismissing his case, we have jurisdiction of the appeal only if the motion to reconsider was a motion provided for in Iowa Rule of Civil Procedure 179(b).

Except as otherwise provided, a rule 179(b) motion lies only when addressed to a ruling made upon trial of an issue of fact without a jury. *Beck v. Fleener*, 376 N.W.2d 594, 596 (Iowa 1985). Our courts have recognized that a motion to reconsider does not come within the purview of rule 179(b). *Iowa Elec. Light and Power Co. v. Lagle*, 430 N.W.2d 393, 396 (Iowa 1988). However, while motions to reconsider are not within the ambits of rule 179(b), our courts have reluctantly recognized their limited existence and scope. *Id.*

In *Kunau v. Miller*, 328 N.W.2d 529 (Iowa 1983), the Iowa Supreme Court held that a rule 104(b) motion to dismiss had not been amended to make rule 179(b) applicable to that type of motion. In *Kunau*, the defendants had filed a motion to dismiss pursuant to rule 104(b). 328 N.W.2d at 529. The trial court overruled defendant's motion for continuance, and three days later the defendant filed a "motion to set aside, vacate or modify dismissal or for new trial." *Id.* The court subsequently denied the motion to dismiss. *Id.* The defendant filed an appeal of the court's ruling on his motion to set aside, which was within the thirty-day rule on the motion to set aside but past the thirty days after the dismissal. *Id.* The supreme court ruled that rule 179(b) was unavailable to attack dismissal rulings based on rule 104(b) since rule 104(b) had not been amended to make rule 179(b) applicable. *Id.* at 530.

However, in *Beck v. Fleener*, 376 N.W.2d 594 (Iowa 1985), the Iowa Supreme Court considered a situation similar to the present case. In *Fleener*, the plaintiffs had filed a motion for new trial, alleging an error in an instruction. 376 N.W.2d at 595–96. The trial court denied the motion, and nine days later the plaintiffs filed a motion to reconsider. *Id.* at 596. The trial court overruled the motion to reconsider, and the plaintiffs appealed. *Id.* The *Fleener* court ruled that because the motion to reconsider was in substance a rule 179(b) motion, the plaintiffs' appeal was timely. *Id.*

■ We find that under the circumstances, Eaton's motion to reconsider was in substance a timely rule 179(b) motion, and that the period for appeal was extended to thirty days from the date of the order overruling that motion.

We next consider whether the trial court abused its discretion in dismissing Eaton's complaint for failing to honor the trial court's discovery order. Eaton argues that while he did not produce all of the requested records, those records ultimately were of no great importance to the defendants' case. Eaton contends the records from Mercy Hospital explicitly referred to the Bell's Palsy and possible stroke. Thus, Eaton argues, the unproduced records would not have affected the outcome of the case, and dismissal was therefore inappropriate. We disagree.

The legal standards by which we review a trial court's exercise of its discretion in imposing sanctions are well established. Iowa Rule of Civil Procedure 134(b)(2)(C) expressly authorizes a court to dismiss an action as a sanction for failing to comply with the discovery order. We have long recognized discovery sanctions by a trial court are discretionary and will not be reversed unless there has been an abuse of discretion. *Krugman v. Palmer College*, 422 N.W.2d 470, 473 (Iowa 1988); *Suckow v. Boone State Bank & Trust Co.*, 314 N.W.2d 421, 425 (Iowa 1982). The range of discretion narrows, however, when the trial court selects dismissal of an action as a sanction. *Krugman*, 422 N.W.2d at 473, *citing Postma v. Sioux Center News*, 393 N.W.2d 314, 318 (Iowa 1986). In order to justify dismissal of an action, the party's noncompliance must be due to willfulness, fault or bad faith. *McQuillen v. City of Sioux City*, 306 N.W.2d 789, 791 (Iowa 1981).

Iowa decisions involving discovery sanctions have been divided into two categories: (1) violation of a trial court discovery order, and (2) violation solely of a rule of civil procedure. *Krugman*, 422 N.W.2d at 473. It is clear that a dismissal as a discovery sanction is generally used when a party has violated a trial court order. *Suckow*, 314 N.W.2d at 426.

■ Applying the foregoing analysis to the present case, we believe the trial court was within its discretion in dismissing Eaton's case. We find abundant evidence in the record to support the trial court's finding that the extreme tardiness exhibited by counsel and Eaton was willful and in bad faith. In April 1988 Dr. Meester filed his request for production. On May 23, 1988, Finley Hospital filed its request. Approximately one year later, June 8, 1989, Finley Hospital filed a request for sanctions. Eaton had responded to the request for production in a piecemeal fashion, and from an

examination of the record it appears that Eaton and his counsel had possession or were aware of the Lancaster Hospital records a year prior to the pretrial conference on June 2, 1989. At the pretrial conference, the trial court ordered Eaton to produce records of Drs. Mozena and Kaufman by Wednesday, June 7, 1989, and the University of Iowa Hospital records by June 6, 1989. The order further provided all other documents sought were to be produced no later than June 7, 1989. However, Eaton produced only a partial list by 6:00 p.m. on June 7, 1989.

The records that were submitted on June 7 also revealed Eaton's attorney had received the information about Eaton's diagnosis several months prior to Finley Hospital's request for production in June 1988. However, at Eaton's deposition taken on October 24, 1988, when asked whether any doctor had told him he had Bell's Palsy or other neurological problems, Eaton responded "no," which was not corrected by Eaton's counsel. It is thus clear from an examination of the record that Eaton, and to a more unknown extent his trial counsel, had in their possession highly relevant records from Mercy Hospital, but never produced them despite specific interrogatories and a court's order, and then only produced *some* of the records when sanctions were imminent. Though Eaton argues some of the records requested were duplicative or immaterial to the case, it is not for a party to decide for themselves the relevancy of evidence, but is strictly for the trier of fact and the trial court. Based on these facts, we believe the trial court was correct in dismissing Eaton's case as a sanction for dilatory compliance with the trial court's order to produce.

AFFIRMED.