2049 GROUP LTD., Appellant,

v.

GALT SAND COMPANY, Appellee.

No. 93–1920.

Court of Appeals of Iowa.

Nov. 28, 1994.

John M. Goodman, San Diego, CA, and Jeffrey P. Taylor of Klinger, Robinson, McCuskey & Ford, Cedar Rapids, for appellant.

David E. Mullin and Kelly R. Baier of Bradley & Riley, P.C., Cedar Rapids, for appellee.

Heard by HAYDEN, P.J., and SACKETT and HABHAB, JJ.

HAYDEN, Presiding Judge.

In the fall of 1991 Galt Sand Company contracted for 2049 Group Ltd., a California corporation, to perform garment finishing processes for it. In November Galt refused to pay final invoices totaling $127,394.88, claiming the goods it had been getting from 2049 Group were impaired in value.

In April 1992, 2049 Group filed suit against Galt Sand under contract and tort theories. Galt Sand counterclaimed for breach of warranty and tort. Trial was set for March 8, 1993. On February 25, Galt Sand moved to continue, arguing the parties needed more than the two days of trial time scheduled. 2049 Group resisted, but the court rescheduled the trial for June 21, citing its own caseload as the reason.

On May 3, 1993, Galt Sand served on 2049 Group interrogatories, requests for production, and notices for two depositions. On June 11, Galt Sand filed a motion to compel. On June 28, the court entered an order granting the motion to compel and ordering 2049 Group to respond on or before July 15, 1993.

Counsel for 2049 Group corresponded with opposing counsel, stating among other things 2049 Group was not paying its fees. On September 7, Galt Sand filed its motion for sanctions for failure to comply with the court's discovery order. After a hearing on October 1, the court granted 2049 Group's motion to withdraw. The court held in abeyance its ruling on Galt Sand's motion for sanctions, but ordered the motion would be granted unless 2049 Group retained new counsel within fourteen days.

On October 13, John Goodman of San Diego, California, and Jeffrey P. Taylor of Cedar Rapids, Iowa, filed notices of appearance on behalf of 2049 Group. On November 5, the court reset hearing on Galt Sand's motion for sanctions for November 19. After the hearing the trial court found 2049 Group had not complied with court-ordered discovery and "said noncompliance has not been substantially justified." The court further found this noncompliance "substantially prejudiced" Galt Sand. The court dismissed the suit with prejudice. The trial court denied 2049 Group's motion to reconsider.

2049 Group appeals. 2049 Group contends: (1) the trial court applied the wrong standard; (2) dismissal was not supported by

substantial evidence; and (3) problems related to litigation by a plaintiff in another state and substitution of counsel, among other things, explained any noncompliance with discovery. We agree with 2049 Group's arguments. We reverse the trial court's decision and vacate the sanctions imposed.

■ The legal standards by which we review a trial court's exercise of its discretion in imposing sanctions are well established. Iowa Rule of Civil Procedure 134(b)(2)(C) expressly authorizes a court to dismiss an action as a sanction for failing to comply with the discovery order. We have long recognized discovery sanctions by a trial court are discretionary and will not be reversed unless there has been an abuse of discretion. *Krugman v. Palmer College*, 422 N.W.2d 470, 473 (Iowa 1988) (citations omitted), *cert. denied*, 488 U.S. 944, 109 S.Ct. 370, 102 L.Ed.2d 359 (1988); *Eaton v. Meester*, 464 N.W.2d 691, 693 (Iowa App.1990) (citations omitted). The range of discretion narrows, however, when the trial court selects dismissal of an action as a sanction. *Krugman*, 422 N.W.2d at 473 (citing *Postma v. Sioux Center News*, 393 N.W.2d 314, 318 (Iowa 1986)). In order to justify dismissal of an action, the party's noncompliance must be due to willfulness, fault, or bad faith. *McQuillen v. City of Sioux City*, 306 N.W.2d 789, 791 (Iowa 1981).

■ In the instant case, the trial court did not make a finding of willfulness, fault, or bad faith. Under this record, it could not justifiably make such a finding. It was an abuse of discretion to enter an order of dismissal given the attorney-client dispute, the ordinary delay caused by substitution of counsel, the withholding of the case file by predecessor counsel from substitute counsel, and the array of lesser sanctions available.

The harsh sanction of default is disproportionate to 2049 Group's failure to comply with discovery orders. The cases Galt Sand cites to the contrary are readily distinguishable.

In *Eaton v. Meester*, 464 N.W.2d 691 (Iowa App.1990), we held the trial court's dismissal of a medical malpractice action for discovery delay was not an abuse of discretion. In *Eaton*, counsel and client knew for several months of records of a preexisting condition, but the client denied knowledge of such a condition in a deposition and never produced the records despite a court order to do so. *Id.* at 693–94. Under these extreme circumstances the trial court made an explicit finding of willfulness and bad faith. *Id.* Again, there was no such finding in the instant case.

The conduct was also much more egregious in *Krugman v. Palmer College*, 422 N.W.2d 470, 473 (Iowa 1988), *cert. denied*, 488 U.S. 944, 109 S.Ct. 370, 102 L.Ed.2d 359 (1988). In *Krugman*, the attorney's violation of not one, but three court orders, together with his long record of procrastination and inattentiveness, resulted in the dismissal of client's petition. *Id.* at 474.

In *McQuillen v. City of Sioux City*, 306 N.W.2d 789 (Iowa 1981), plaintiff's action was dismissed after he failed to comply with an order to submit to a medical exam. "His refusal to take the arteriography was willful because it was intentional and deliberate." *Id.* at 791 (citation omitted). Here 2049 Group never indicated its refusal to comply with any order.

Again, the trial court did not make a finding of willfulness, fault, or bad faith. It was an abuse of discretion to dismiss plaintiff's petition under this record. The order dismissing plaintiff's petition is reversed. The petition is reinstated, and this case is remanded for further trial court proceedings consistent with this opinion. Costs are to be taxed one-half to each party.

**REVERSED AND REMANDED.**