# IN THE COURT OF APPEALS OF IOWA

No. 23-1759
Filed January 9, 2025

**LOGAN MILLIUS, and ROBERT A. MILLIUS and JUDY L. MILLIUS, Individually and as Guardians and Conservators and as Parents and Next Friends of Logan Millius,**
    Plaintiffs-Appellants,

**vs.**

**AREA RESIDENTIAL CARE, INC and AREA RESIDENTIAL CARE FOUNDATION,**
    Defendants-Appellees.
_____

    Appeal from the Iowa District Court for Dubuque County, Michael J. Shubatt, Judge.

    The plaintiffs appeal the district court's dismissal of their claims as a sanction for discovery violations. **AFFIRMED.**

    Stephen W. Scott of Scott Law Firm, Dubuque, for appellants.

    Tricia Hoffman-Simanek, Ross T. Andrews, and Eric P. Martin of Shuttleworth & Ingersoll, Cedar Rapids, for appellees.

    Considered by Tabor, C.J., and Chicchelly and Sandy, JJ.

**TABOR, Chief Judge.**

Robert and Judy Millius sued Area Residential Care, Inc. and Area Residential Care Foundation (collectively ARC) on behalf of their son, Logan, in January 2022. After a series of discovery disputes between counsel for the parties, the district court dismissed the Milliuses' suit with prejudice in September 2023. The Milliuses appeal, arguing that the district court abused its discretion in dismissing their claims because their failure to comply with the rules of civil procedure and the court's discovery orders was not willful or in bad faith. They also argue that providing ARC's counsel with a patient waiver satisfying Iowa Code section 622.10(3) (2022) obviated the need to respond to ARC's requests for production of Logan's medical information. Finding that the Milliuses failed to preserve error on the patient-waiver issue and no abuse of discretion in the district court's dismissal of the Milliuses' claims as a sanction for their repeated violations of the court's orders and discovery rules, we affirm.

I.      **Facts and Prior Proceedings**

Robert and Judy Millius alleged these facts in their petition. Their son, Logan, is a young adult with intellectual disabilities. In 2019, his parents placed him in a supervised residential care facility owned and operated by ARC. They informed ARC staff that Logan had twice before driven vehicles without the owner's consent, once resulting in a collision. So the facility developed a policy directing staff not to leave their cars unlocked or unattended in Logan's presence. But in 2020, an ARC employee left a vehicle unlocked with the keys in the ignition outside the facility. Logan entered that vehicle and drove away from the facility, eventually crashing into a tree and suffering serious injuries. In January 2022, the Milliuses

sued ARC, alleging negligence and seeking damages for Logan's injuries, healthcare expenses, and loss of consortium.

After the parents filed their lawsuit, a series of discovery disputes ensued between their counsel and ARC's attorney. A timeline of these events is key to understanding what led to this appeal.

- August 16, 2022: ARC's attorney served interrogatories and requests for production of documents to the Milliuses' counsel. The Milliuses did not serve any responses or objections within thirty days as required by the rules of civil procedure. *See* Iowa Rs. Civ. P. 1.509(1)(d); 1.512(2)(b)(1).

- September 19: ARC's attorney sent an email to the Milliuses' counsel requesting an update on the status of the discovery responses. The Milliuses' counsel did not respond to that email.

- November 2: ARC's attorney contacted the Milliuses' counsel again by phone to discuss the status of the discovery responses. The Milliuses' counsel stated that he would serve the responses by November 7 but he did not do so.

- November 9: ARC's attorney sent another email to the Milliuses' counsel regarding the lack of responses and asked him to serve the responses by the end of that week.

- November 16: After not receiving any responses, ARC filed a motion to compel discovery. The Milliuses did not resist that motion.

- November 17: The Milliuses provided answers to ARC's interrogatories but no responses to the requests for production of documents.[1]

- December 2: The district court granted ARC's motion to compel, ordering that "Plaintiffs shall provide discovery responses no later than December 15, 2022." Despite that order, the Milliuses did not serve any responses to ARC's requests for production.

- December 20: ARC filed a motion to dismiss for failure to comply with the court's order. *See* Iowa R. Civ. P. 1.517(2)(b)(3) (allowing sanction of dismissal where "a party fails to obey an order to provide or permit discovery"). The Milliuses did not file any response to contest the allegations of ARC's motion.

- January 10, 2023: The district court granted the motion to dismiss with prejudice.

- January 24: The Milliuses filed a "Motion for New Trial and for Reconsideration," asking the court to reinstate their case.[2] ARC resisted that motion.

- March 31: The court granted the Milliuses' motion and reinstated their action.[3] In its order, the court included this admonition:

---

[1] The Milliuses did not file a notice of response to interrogatories. *See* Iowa R. Elec. P. 16.401(2).

[2] In that motion, the Milliuses' counsel explained that he did not respond to ARC's motion to dismiss because he "overlooked the EDMS notification of that filing." He also stated that he did not resist ARC's earlier motion to compel because "Plaintiff felt the materials provided to Defendant's counsel in the answers to interrogatories provided on November 17, 2022, the day after the Motion to Compel was filed, adequately address that."

[3] The court considered the Milliuses' motion as a motion for reconsideration.

The Court prefers to decide the case based on legal issues rather than the drastic relief of dismissal for discovery noncompliance. That said, the Court will not tolerate any further noncompliance. If Plaintiffs wish to pursue claims in this lawsuit, it is their obligation to comply with discovery procedures and to resist motions that are filed if they do not want the requested relief to be entered. Said another way, the Court will consider dismissal as a remedy if future discovery issues arise.

Additionally, the court ordered:

[1] Within five (5) days of the date of this order, Plaintiffs' counsel shall contact defense counsel to arrange a discovery conference . . . . The attorneys shall agree on a plan for compliance with all of Defendants' discovery requests. Essentially, Plaintiffs must provide all information that is the subject of any motion to compel that has been granted. Any objections to interrogatories [or] requests that were not made within 30 days of service of said interrogatories or requests are waived and shall not be asserted as a basis for not responding.

[2] Plaintiffs shall fully comply with any outstanding discovery requests no later than 30 days from the date of the conference between the parties. If Plaintiffs fail to do so, Defendants may renew their motion for sanctions, up to and including dismissal.

[3] The parties shall participate in a trial scheduling conference on April 25, 2023 . . . .

- April 6: The Milliuses conferred with ARC and agreed to respond to its outstanding discovery requests by May 8, 2023.

- April 25: The Milliuses' counsel did not appear for the trial scheduling conference.[4]

- May 7: The Milliuses' counsel served responses to seven out of ARC's seventeen requests for production but served no responses to the remaining ten requests.

---

[4] Before the court granted ARC's motion to dismiss, trial was scheduled for May 2023. The Milliuses' counsel appeared for a rescheduled conference in June, where the case was set for trial in April 2025.

- May 10: Counsel for ARC contacted the Milliuses' counsel by voicemail and email, alerting him that he "only responded to 7 of [ARC]'s seventeen total requests" and asking that he fully respond to ARC's requests for production by May 12. The Milliuses' counsel did not reply to those communications or serve the requested responses.

- June 30: Counsel for ARC sent the Milliuses' counsel another email, again requesting complete responses to ARC's requests for production by July 7. The Milliuses' counsel again did not reply or serve the requested responses.

- July 25: ARC filed a second motion to dismiss the Milliuses' claims under Iowa Rules of Civil Procedure 1.517(2)(b)(3) and 1.602(5).

- August 6: The Milliuses resisted the motion. In their resistance, counsel "acknowledge[d] that the only Requests for Production to which he formally responded were Requests for Production 1 through 7." He explained that "[w]hen the pages containing Requests 8 through 17 were printed out, they must have become separated from the other pages." He included a paraphrased summary of ARC's requests and provided partial responses to requests 8 through 17 in the body of the resistance, but he did not serve any formal responses to those requests. And he "acknowledge[d] that he did not appear at the trial scheduling conference" in April because "[i]t was not docketed on his calendar."

- August 28: The district court held a hearing on ARC's motion to dismiss.

- September 27: The court granted ARC's motion to dismiss the Milliuses' claims with prejudice. In its dismissal ruling, the court noted that it had warned the Milliuses in March that it would "consider dismissal as a remedy

if future discovery issues arise." And arise they did. The court expressed its frustration with counsel for the Milliuses.

> Discovery remains a mess. Despite moving to compel and obtaining an order compelling discovery almost a year ago, Defendants have still not been provided with much of the discovery that was requested. When Plaintiffs' counsel has at times replied to Defendants' counsel (usually after the filing of a motion or the threat to do so), it has been through email exchanges explaining what he will or won't provide, sometimes paraphrasing the actual requests made by Defendants.[5] When questioned by the Court, Plaintiffs' counsel admitted that as of the date of the hearing he did not believe he had provided an actual response to requests for production that set out a formal answer to each separate request made by [ARC].

The court continued:

> Nothing about Plaintiffs' response (or lack thereof) to Defendants' discovery requests remotely resembles the procedure set forth in Division V of the Iowa Rules of Civil Procedure. The Court's intent, which was clearly conveyed in its March 31, 2023, order, was that the case would move forward in an orderly fashion or it would not move forward at all. The Court stretched to give Plaintiffs a second chance when Defendants first sought dismissal for noncompliance with discovery. Given the state of the case some six months later, they are not entitled to a third.

The Milliuses appeal.

## II.      Scope and Standard of Review

We review the district court's dismissal for abuse of discretion. *Troendle v. Hanson*, 570 N.W.2d 753, 755 (Iowa 1997). "An abuse of discretion consists of a ruling which rests upon clearly untenable or unreasonable grounds." *Id.* "Generally, there is an abuse of discretion in imposing discovery sanctions only

---

[5] On this point, the court noted:
> By not serving a response to requests for production lodging objections, Plaintiffs long ago waived the right to make such objections or take the position that one is not going to provide certain documents that have been requested because of a belief that the other party already has what it needs.

where there is a lack of substantial evidence to support the trial court's ruling." *Wagner v. Miller*, 555 N.W.2d 246, 249 (Iowa 1996).

**III.    Analysis**

On appeal, the Milliuses argue that the district court abused its discretion in dismissing their claims as a discovery sanction.  To justify dismissal, a party's noncompliance with the discovery orders must result from "willfulness, fault or bad faith."  *Troendle*, 570 N.W.2d at 755 (collecting cases).  The drastic sanction of dismissal is "limited to those situations when a party has violated a district court's order."  *Kendall/Hunt Publ'g Co. v. Rowe*, 424 N.W.2d 235, 240 (Iowa 1988).  We are "less inclined to reverse a trial court's sanction when a violation of a previous order underpins that sanction."  *Farley v. Ginther*, 450 N.W.2d 853, 856 (Iowa 1990).  This "rule reflects the proper balance between the conflicting policies of the need to prevent delays and the sound public policy of deciding cases on their merits."  *Kendall/Hunt*, 424 N.W.2d at 240 (cleaned up).

First, the Milliuses contend that the discovery they provided to ARC did not evidence willfulness or bad faith in responding to ARC's requests.  They emphasize that they provided authorizations for the release of Logan's medical records to ARC pursuant to Iowa Code section 622.10(3) before ARC served them with formal discovery requests in August 2022; they answered ARC's interrogatories in November 2022; and they served responses to seven of ARC's requests for production before the deadline the parties agreed upon after the district court reinstated their action in March 2023.

But they acknowledge that "[r]eponses to Requests 8 through 17 were not addressed prior to August 6, 2023."  They again attribute their failure to fully

respond to ARC's production requests to those pages becoming separated when their counsel printed them. They also claim that "[t]he lack of responses to requests 8 through 17 do not unduly prejudice the defendants nor their counsel since in many cases there were no such documents to be produced." And, according to the Milliuses, "[i]n cases where there were such documents, they were in the exclusive control of the defendants, and those were created by defendants."

Second, the Milliuses contend that delays in the discovery process were not willful or in bad faith aimed to jeopardize ARC's trial preparation. As for their delayed response to ARC's interrogatories, their "counsel acknowledges that he did not place completion of the interrogatory answers on the highest priority." But the Milliuses insist that "the interrogatory answers were not ignored nor were the answers cursory and unresponsive."

Their "counsel also acknowledges that he did not respond to the request for production." To mitigate this, the Milliuses rehash their assertion that their counsel inadvertently failed to fully respond to ARC's requests "due to misplacing several pages of the requests." And they reemphasize that they provided authorizations for the release of Logan's medical records to ARC before ARC served them with formal discovery requests in August 2022. Additionally, they point out that trial was set for April 2025 after the district court reinstated their case in March 2023, which gave ARC more time to prepare. Thus, the Milliuses urge that the district court abused its discretion in dismissing their claims because "the standard for dismissing a plaintiffs' lawsuit for willful and intentional prevention and interference with discovery has not been satisfied."

ARC counters that the dismissal was reasonable and supported by substantial evidence because the Milliuses' counsel violated three court orders and several discovery rules. And, according to ARC, "repeated discovery violations over multiple months with no extenuating circumstances indicate fault and willfulness attributable to Plaintiffs." *See Troendle*, 570 N.W.2d at 757 (affirming dismissal where substantial evidence supported finding that plaintiffs' counsel "willfully failed to comply with three court orders requiring that his clients respond to the defendants' discovery requests" over a one-year period). ARC also argues that the district court did not abuse its discretion in considering the Milliuses' repeated deficient discovery responses and discovery delays. We agree.

As ARC correctly points out, the Milliuses violated the court's order granting ARC's motion to compel by not responding to all their discovery requests by December 15, 2022. The Milliuses' counsel also failed to appear for the trial scheduling conference in April 2023 as ordered by the court on March 31. And the Milliuses failed to fully comply with ARC's outstanding discovery requests within thirty days after the parties' discovery conference as ordered by the court.

What's more, the Milliuses violated several discovery rules. They failed to answer ARC's interrogatories and requests for production within thirty days after receiving them on August 16, 2022. *See* Iowa Rs. Civ. P. 1.509(1)(d); 1.512(2)(b)(1). It is undisputed that the Milliuses did not answer ARC's interrogatories until November 17—more than two months after they were due. It is also undisputed that the Milliuses did not respond to any of ARC's requests for production until May 7, 2023—more than seven months after they were due under the rules. And they only responded to seven of ARC's seventeen requests for

production at that time. The Milliuses never served any formal responses to ARC's remaining ten requests for production.

Based on this record, substantial evidence supports the district court's determination that the Milliuses' failure to timely and fully respond to ARC's discovery requests was willful. Nothing in the record suggests the Milliuses or their counsel were unaware of the discovery deadlines imposed by the court's orders, nor has their counsel "provided any explanation for his failure to comply other than his own neglect." *Bindel v. Larrington*, 543 N.W.2d 912, 914 (Iowa Ct. App. 1995). And even if ARC was not prejudiced by the Milliuses' failure to fully respond to requests for production, that would not excuse their counsel's repeated violations of the court's orders to do so. *See Eaton v. Meester*, 464 N.W.2d 691, 694 (Iowa Ct. App. 1990). Moreover, the court explicitly stated in both its March 31 order reinstating the Milliuses' case and its final order granting ARC's motion to dismiss that the Milliuses "long ago waived the right to make such objections" by failing to timely serve responses or lodge objections to ARC's requests. *See* Iowa R. Civ. P. 1.512(2)(b)(1), (3). The court also made clear that it would "not tolerate any further noncompliance."

We recognize that dismissal is a drastic sanction. But on this record, we find no abuse of discretion in the district court's order. *See Hard Rappen Ranch, LLC v. Bosma*, No. 23-0983, 2024 WL 2043147, at *3 (Iowa Ct. App. May 8, 2024) ("While it is the rare case in which dismissal is appropriate, it should also be the rare case in which a party repeatedly fails to comply with a court order without any good cause or mitigating factors.").

Lastly, we cannot reach the merits of the Milliuses' claim that providing a patient waiver to ARC's counsel pursuant to Iowa Code section 622.10(3) obviated the need for them to respond to ARC's requests for production of Logan's medical information. "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). The Milliuses assert that they preserved error by resisting ARC's motion to dismiss and timely filing a notice of appeal.[6] But they did not specifically raise this claim in their resistance. Nor did the district court's ruling address it. Thus, the Milliuses failed to preserve error on this issue.[7]

**AFFIRMED.**

---

[6] "Filing a notice of appeal does not preserve an issue for appeal, and citing to the notice does not satisfy this requirement." Iowa R. App. P. 6.903(2)(a)(8)(1).

[7] The Milliuses did not respond to ARC's challenge to error preservation in their reply brief.